THOMAS B. CRENSHAW *et al. v.* CHARLOTTE BLOOD MOORE
*et al.*

(*Jackson.* April Term, 1911.)

1. **INHERITANCE TAX. Is a privilege and special tax; construction of law against government and in favor of taxpayer.**

   Inheritance and succession tax is a privilege tax imposed on
   the right of acquiring property by succession; and it is like-·.
   wise a special tax, and the rule is that laws imposing such
   taxes are to be construed strictly ·against the government, and
   favorably to the taxpayers.   (*Post, p.* 531.)

   Cases cited and approved:    State v. Alston 94 Tenn.,
   674; English v. Crenshaw, 120 Tenn., 531; Knox v. Emerson,
   123 Tenn., 409.

2. **YEAR'S SUPPORT. Widow does not succeed to husband's title, but acquires the title adversely to his administrator, by virtue of statute.**

   The year's support for the widow is given to her by statute (sec.·
   tions 4020 and 4021 of Shannon's Code); and she does not suc-
   ceed to the husband's title to the property set apart to her
   as a year's support, but she acquires the same adversely to his
   administrator, by virtue of the said statute conferring the
   right. It is a special provision made for her in law for the sup-
   post of herself and family.  (*Post, pp.* 531, 532.)

   Code cited and construed:  Secs. 4020, 4021 (S.); secs. 3125, 3126
   (M. & V.); secs. 2285, 2286 (T. & S. and 1858).

   Cases cited and approved: Bayless v. Bayless, 4 Cold., 363; Rail-
   road v. Kennedy, 90 Tenn., 185.

3. **DOWER. Possesses same qualities as at common law, but the quantity is less.**

   The widow's right of dower in this State possesses the same
   qualities as the common law right of dower, but its quantity

Crenshaw v. Moore.

is cut down by limiting it to one-third part of all the land of which her husband died seized and possessed, or the equitable owner, and not allowing it in all the lands seized by the husband at any time during the coverture, though aliened by him. (*Post, pp.* 532-534.)

Code cited and construed: Sec. 4139 (S.); sec. 3244 (M. & V.); sec. 2398 (T. & S. and 1858).

Cases cited and approved: Combs v. Young, 4 Yerg., 226; Fulwood's Case, 4 Co., 65.

4. SAME. Widow does not succeed to husband's title but takes by virtue of the marriage, and adversely to the inheritance from the husband.

The widow's right to dower is not in succession to the title of her husband upon his death; for she does not succeed, in her dower estate, to the husband's title by the intestate laws, but she derives it by virtue of the marriage and in her right as wife, to be consummated in severalty to her upon the susband's death, and she takes it adversely to the inheritance from the husband. (*Post, pp.* 534, 535.)

Case cited and approved: Boyer v. Boyer, 1 Cold., 14.

Case cited, distinguished, and disapproved: Billings v. People, 189 Ill., 472.

5. INHERITANCE TAX. Widow's year's support and dower are not subject to inheritance and succession tax.

Neither the year's support for the widow given by statute (sections 4020 and 4021 of Shannon's Code), nor her dower in her deceased husband's land given by statute (section 4139 of Shannon's Code), is subject to the inheritance and succession tax imposed by statute (section 724 of Shannon's Code, as amended by Acts 1909, ch. 479, sec. 20).

Code cited and construed: Secs. 724, 4020, 4021, 4139 (S.); secs. 3125, 3126, 3244 (M. & V.); secs. 2285, 2286, 2398 (T. & S. and 1858).

Acts cited and construed: Acts 1909, ch. 479, sec. 20).

124 Tenn.—34

FROM SHELBY.

Appeal from the Circuit Court of Shelby County.—J. P. YOUNG, Judge.

GILMER P. SMITH, for plaintiffs.

THOS. M. SCRUGGS, for defendants.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

William R. Moore died in Shelby county testate, and his widow, Mrs. Charlotte Blood Moore, dissented from his will. Such proceedings were had in the county court of Shelby county that she was assigned a year's support, to the value of $20,000, and dower of one-third of his real estate. The complainant brought this suit to collect from her an inheritance or succession tax on both her year's support and dower, under the act of 1893 (Shannon's Code, section 724), as amended by chapter 479 of the Acts of 1909.

The act of 1893 imposed a tax upon "all estates, real, personal, and mixed, of every kind whatsoever, situated within this State, whether the person or persons dying seized thereof be domiciled within or out of this State, passing from any person who may die seized or possessed

of such estates, either by will or under the intestate laws
of this State, or any part of such estate or estates, or in-
terest therein, transferred by deed, grant, bargain, gift,
or sale, made in contemplation of death, or intended to
take effect in possession or enjoyment after the death of
the grantor or bargainor," passing to collateral kindred
of the owner; and section 20, ch. 479, Acts of 1909, pro-
vided "that inheriances not taxed under the present laws
· shall pay a tax as follows:   All inheritances of $5,000
and over, but less than $20,000, a tax of one per centum
of their value.   All inheritances of $20,000 and over, a
tax of one and one-fourth per centum of their value, to
be collected by the county clerk of each county."

This is a privilege tax imposed on the right of acquir-
ing property by succession.  *State* v. *Alston,* 94 Tenn.,
674, 30 S. W., 750, 28 L. R. A., 178; *Knox* v. *Emerson,*
123 Tenn., 409, 131 S. W., 972.   Likewise it is a special
tax, and the rule is that laws imposing such taxes are to
be construed strictly against the government, and favor-
ably to the taxpayer.  *English* v. *Crenshaw,* 120 Tenn.,
531, 110 S. W., 210, 17 L. R. A. (N. S.), 753, 127 Am. St.
Rep., 1025.

The widow's year's support is given her by statutory
provision, which is found in sections 4020 and 4021 of
Shannon's Code.   It is inconceivable that the legislature
intended to levy the tax in question upon this bounty of
the widow, given her by the law out of her husband's
personal estate.   She does not succeed to the husband's
title to the property set apart to her as a year's support,

but acquires it adversely to his administrator by virtue of the statute. By the act of separation of the personalty assigned to her by the commissioners, and the subsequent confirmation of their report by the court, the title to the specific property thus set apart becomes absolutely vested in the widow. The obvious intention of the legislature in passing this statute was to provide a temporary support for her and her family immediately on the death of her husband. It is an extension by law of her right of support out of the personal estate of her husband for one year after his death, and is founded in a sound public policy, which has for its purpose a conservation of the family upon the death of the husband. The widow does not succeed to the right of the husband, nor does she take the property under the intestate laws of this State. It is a special provision made for her in the law for the support of herself and her family. *Bayless* v. *Bayless*, 4 Cold., 363; *Railway Co.* v. *Kennedy*, 90 Tenn., 185, 16 S. W., 113.

Nor do we think that the widow's dower is subject to this tax. By the common law, if a husband acquire an estate which is subject to descend to his heirs, the wife, at the same time the husband acquires his title, has vested in her the right of dower; and although the husband aliened the estate, the wife's dower would attach. By the acts of 1784 and 1823, carried into Shannon's Code at section 4139, the widow is dowable in one-third part of all the lands of which her husband died seized and possessed, or of which he was equitable owner. In

all other respects, the widow's right of dower in this State is the same as it was at common law. It has the same qualities as the common-law right of dower, but its quantity was cut down by the statutes referred to. This right originates with the marriage. It is an incumbrance upon the title of the heir at law, and is superior to the claims of the husband's creditors. Its origin is so ancient that neither Coke nor Blackstone can trace it, and it is as "widespread as the Christian religion' and enters into the contract of marriage among all Christians."

"By a fiction of law, the estate in dower relates to the marriage. It is adjudged in *Fulwood's Case,* 4 Co., 65, that the widow shall hold her dower discharged from all judgments, leases, mortgages, or other incumbrances made by her husband after the marriage, because her title, being consummated by his death, has relation to the time of the marriage, and, of course, is prior to all other titles. She claims by and through her husband, has the oldest title, is under him for the valuable consideration of marriage, the best respected in the law, and cannot be disturbed by any other claiming under the husband." *Combs* v. *Young,* 4 Yerg., 226, 26 Am. Dec., 225.

The preamble to the act of 1784, which was the first passed in this State reducing the quantity of the widow's dower estate, recites, in substance, that the dower allotted by law in lands for widows, in the then unimproved state of the country, was a very inadequate pro-

vision for the support of such widows; that it was only just and reasonable that those who, by their prudence, economy, and industry had contributed to raise up an estate to their husbands, should be entitled to share in it—thus showing that the legislature recognized that the widow's dower under this act had the same origin and was of the same quality as her dower existing at common law.

So, it is seen that, whether it be considered that the widow holds her dower in the nature of a purchaser from her husband by virtue of the marriage contract, or whether it be merely a provision of the law made for her benefit, it cannot be considered that her right is in succession to that of her husband upon his death, or that the husband bestows it upon her in contemplation of death. While it is true that her right to dower is not consummated until the death of the husband, and that it is carved out of only such realty as he owned at at his death, it does not follow from this premise that the widow succeeds to his title by the intestate laws. She derives it by virtue of the marriage, and in her right as wife to be consummated in severalty to her upon the death of her husband. *Boyer* v. *Boyer,* 1 Cold., 14.

The supreme court of Illinois, in *Billings* v. *People,* 189 Ill., 472, 59 N. E., 798, 59 L. R. A., 807, upon a construction of the inheritance tax law of that State, together with the laws governing the descent and distribution of the property of persons lying intestate reached a different conclusion from that reached by us. The rea-

soning of that court is predicated chiefly upon a construction of the statutes of that State, which are essentially different from those of this State. It is stated, however, that, while the husband cannot deprive his wife of her inchoate right of dower, the State may, and that she does not hold by contract, but holds by laws which the State may change. Without undertaking to meet all of the arguments set forth in support of this very able opinion, we are content to hold that, under a proper construction of the statute in question, the legislature did not intend to tax the widow's dower as an inheritance from the estate of her husband, or a succession to his rights therein. As stated heretofore, she does not inherit from her husband, but derives her right by virtue of her marriage, which is consummated upon her husband's death, and becomes an incumbrance upon the inheritance of the heirs at law, and is, to that extent, an interest adverse to the inheritance from the husband. For the same reason she does not succeed to the rights of the husband. Her dower is intended for her support and maintenance, and an intention to tax it will not be imputed to the legislature, except where the language employed makes it plainly imperative to do so.

*Billings* v. *People,* supra, is the only case cited by counsel which discusses the question at issue in any way, and no case is cited discussing the liability of the widow's year's support for the tax involved here. But, upon reason, we are content to hold that neither the year's support nor dower is subject to the tax. It results that the decree of the court below is affirmed, with costs.