JESSE L. HENSON, COUNTY COURT CLERK v. W. E. MONDAY
et al.

(*Knoxville*.   September Term, 1920.)

1. **TAXATION.** Inheritance tax is a privilege tax on legatees, and not
on testator.

The collateral inheritance tax exacted by Thompson-Shannon's Code,
section 724 et seq., is a privilege tax, laid upon the legatees and
devisees under the will, and not upon the testator, being a tax
on the right to acquire, and not on the right to transmit, in view
of section 730.   (*Post, p.* 421.)

Cases cited and approved: Shelton v. Campbell, 109 Tenn., 690; In
re Merriam, 141 N. Y., 479; United States v. Perkins, 163 U. S.,
625;   State v. Alston, 94 Tenn., 674; English v. Crenshaw, 120
Tenn., 531; Knox v. Emerson, 123 Tenn., 409; Crenshaw v. Moore,
124 Tenn., 528; Bailey v. Henry, 125 Tenn., 390.

Codes cited and construed: Secs. 724, 730 (T.-S.).

2. **TAXATION.** State not liable to taxation in absence of statute.

Neither the State nor any of its arms or agencies are liable to
taxation, unless expressly so declared by statute, being impliedly
excluded from general tax laws.   (*Post, p.* 422.)

Case cited and approved: Morristown v. Hamblen County, 136 Tenn.,
242.

3. **TAXATION.** Bequest to state agencies not subject to inheritance
tax.

Bequest to the University of Tennessee, the city of Knoxville, the
Knox County Industrial School, and several counties *held* not
subject to inheritance tax under Thompson-Shannon's Code, sec-
tion 724 et seq.; such legatees being agencies of the State, and the
State's privilege to take property under a will not being sub-
ject to a general tax law.   (*Post, p.* 422.)

Henson v. Monday.

Cases cited and approved: Knowlton v. Moore, 178 U. S., 41; Re Macky, 46 Colo., 79; Snyder v. Bettman, 190 U. S., 249.

---

FROM KNOX. ·

---

Appeal from the Circuit Court of Knox County.—HON. VON A. HUFFAKER, Judge.

ROY A. JOHNSON and R. A. BROWN, for appellant.

WEBB & BAKER and JOHNSON & COX, for appellee.

MR. JUSTICE GREEN delivered the opinion of the Court.

This suit was brought against the personal representatives of Benjamin Rush Strong and the legatees and devisees under his will to recover the collateral inheritance tax enacted by Thompson's Shannon's Code, section 724 et seq.

A demurrer was interposed, which the county judge sustained, and on appeal this action was affirmed by the circuit judge, and the complainant has appealed to this court. It appeared from the petition filed below that the will of Mr. Strong was being contested. The greater portion of his property was by the will given to the University of Tennessee and the city of Knoxville, the Knox County Industrial School, and several of the counties of East Tennessee. There were in addition smaller bequests to individuals. The point was made by the demur-

rer that the defendants named above were state agencies, and that the bequests to such agencies were not subject to the inheritance tax. If the will was found invalid, the estate would pass to collateral kindred, and would be liable for the said tax. It was therefore said that, until the will contest was decided, it could not be determined what inheritance tax would accrue to the estate, and who would be liable for it, and that this suit was premature.

On the contrary, it was insisted for the complainant that the bequests to the defendants named above were subject to the inheritance tax, even though these defendants were State agencies, and that the inheritance tax was accordingly due and payable at the time the suit was brought, under *Shelton* v. *Campbell,* 109 Tenn., 690, 72 S. W., 112.

The question, therefore, for determination is whether legacies or devises to the State and its arms or agencies may be diminished by the inheritance tax levied in our statutes. It has been held in some jurisdictions that such legacies and devises are thus onerated under statutes similar to ours. *In re Merriam,* 141 N. Y., 479, 36 N. E., 505, affirmed by the supreme court of the United States, *United States* v. *Perkins,* 163 U. S. 625, 16 Sup. Ct., 1073, 41 L. Ed., 287; 37 Cyc., 1572, and cases cited.

It is everywhere conceded that the inheritance tax is not a tax laid on property, but is a privilege tax. In the cases just above referred to it is held that the tax is laid on the privilege of transferring or disposing of property by the deceased. Therefore, even though a bequest be to the

United States government, it was held liable to the New York inheritance tax, because that tax was assessed on the testator's privilege of disposition, and not on the government's right to receive.

We cannot, however, reach this result under the authorities in Tennessee. Our inheritance tax has been repeatedly declared by this court not to be a tax on the right of disposition, but a tax on the privilege of receiving property by inheritance or will. ,

"It is not a tax upon the right of alienation, but on the privilege of receiving, by inheritance or will or otherwise, at the death of a former owner." *State* v. *Alston,* 94 Tenn., 674, 30 S. W., 750, 28 L. R. A., 178.

Similar expressions appear in *English* v. *Crenshaw,* 120 Tenn., 531, 110 S. W., 210, 17 L. R. A. (N. S.), 753, 127 Am. St. Rep., 1025; *Knox* v. *Emerson,* 123 Tenn., 409, 131 S. W., 972; *Crenshaw* v. *Moore,* 124 Tenn., 528, 137 S. W., 924, 34 L. R. A. (N. S.), 1161, Ann. Cas., 1913A, 165; *Bailey* v. *Henry,* 125 Tenn., 390, 143 S. W., 1124.

Thompson's Shannon's Code, section 730, provides that every administrator or executor shall deduct the inheritance tax from every legacy before paying it over to the party entitled to receive it. Inasmuch, therefore, as our inheritance tax is levied upon the right to acquire, and not upon the right to transmit, and since the tax must be deducted from each legacy before it is paid over, we think there can be no question but that it must be treated as a privilege tax laid upon the legatees and devisees under the will, and not upon the testator.

It is well settled in Tennessee that neither the State nor any of its arms or agencies are liable to taxation unless expressly so declared by statute. They are impliedly excluded from general tax laws. *Mayor and Aldermen of Morristown* v. *Hamblen County,* 136 Tenn., 242, 188 S. W., 796, and cases cited.

We think the State's right or privilege to take property under a will is no more subject to a general tax law than is the State's property.

The conclusions we have reached herein are reinforced by *Knowlton* v. *Moore,* 178 U. S., 41, 20 Sup. Ct., 747, 44 L. Ed., 969; *Re Macky,* 46 Colo., 79, 102 Pac., 1075, 23 L. R. A. (N. S.), 1207.

Somewhat contrary views appear in *Snyder* v. *Bettman,* 190 U. S., 249, 23 Sup. Ct., 803, 47 L. Ed., 1035. We think, however, the authority of this case is almost destroyed by the dissenting opinion of several members of the court. It follows, therefore, that the lower courts were right in holding this suit, framed to collect a collateral inheritance tax upon the whole estate, to be premature. Counsel have undertaken to file a stipulation in this court as to the result of the will contest, and ask that the case now be finally determined here. Such a practice, however, is doubtful. The complainant would be taxed with costs so far accrued, anyhow, and we prefer, therefore, to dismiss this suit without prejudice to the right of complainant to renew it if necessary, for so much of the inheritance tax as is collectible under the law. The suit is therefore dismissed at the cost of the complainant.