Chero-Cola Bottling Co. v. McDaniel.

CHERO-COLA BOTTLING CO. *v.* FRANK McDANIEL *et al.*

(*Nashville.* December Term, 1921.)

1. **LICENSES.** Manufacturer selling its own goods too jobbers and commission men held not liable to transient merchant tax.

Section 4 of the transient merchant tax statute applies to vendors coming to a place for temporary or brief stay with salvaged goods or merchandise which they advertise to retail at wholesale prices, or represent as coming direct from factories, and does not apply to a bottling company selling nothing except the product of its own factory and taking only the manufacturing and not a dealer's profit; the sales being only to jobbers and commission men, and its dealings being merely incidental to its occupation of manufacture. (*Post, pp.* 618-622.)

2. **STATUTES.** Tax statutes will not be extended by implication beyond their clear import.

Statutes levying taves or duties on citizens will not be extended by implication beyond the clear import of the language used, nor will their operation be enlarged so as to embrace matters not specifically pointed out, although standing on a close analogy. (*Post, pp.* 618-622.)

Acts cited and construed: Acts 1919, ch. 134, sec. 4.

Cases cited and approved: English v. Crenshaw, 120 Tenn., 531; Memphis v. Bing, 94 Tenn., 644; Crenshaw v. Moore, 124 Tenn., 528.

Case cited and distinguished: Plow Co. v. Hays, 125 Tenn., 148.

FROM WILSON.

Appeal from the Chancery Court of Wilson County.— HON. J. W. STOUT, Chancellor.

THOS. G. WATKINS, for complainant.

C. C. HAMILTON, for defendants.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

The bill in this cause was filed by the complainant bottling company against the county and circuit court clerks of Wilson county and the city clerk of the town of Lebanon for the purpose of enjoining them from collecting certain peddlers' taxes assessed against it.

Defendants filed an answer and cross-bill, and by the latter undertook to collect from complainant transient merchants' taxes.

The chancellor was of the opinion that the complainant was not liable for either tax, and accordingly granted complainant the relief sought in its bill, and dismissed the cross-bill.

The cause is before us on appeal of the defendants.

The facts are contained in a stipulation as follows:

"The Chero-Cola Bottling Company of Nashville is a Tennessee corporation, with its principal office and place of business, to-wit, its manufacturing plant, in Nashville, Tenn., where it has maintained the same continuously since its incorporation in 1915.

"Said Chero-Cola Bottling Company is authorized by its charter and the laws of the State of Tennessee to engage in the manufacture of Chero-Cola and other soft drinks and the sale of same.

"Said Chero-Cola Bottling Company is engaged in business at Nashville, Tenn., of the manufacture of Chero-Cola and other soft drinks.

"Said Chero-Cola Bottling Company of Nashville sells its said product, manufactured by it, to all retail dealers, wheresoever situated, at eighty cents per case of twenty-four bottles, delivered, of which seventy-two and seven-tenths cents is the net amount received by said company for said product so manufactured by it; the difference of seven and three-tenths cents being the war tax paid by said company to the United States government.

"Said Chero-Cola Bottling Company sells its said products, so manufactured by it, exclusively to retail dealers, wheresoever situated, at the price aforesaid, and makes no sales whatever to the consumer.

"Said Chero-Cola Bottling Company of Nashville takes but one profit, its manufacturer's profit, and sells no goods other than its product manufactured by it.

"The said products manufactured by said Chero-Cola Bottling Company of Nashville are sold by retail dealers to the consumer at five (5) cents or more per bottle.

"Said Chero-Cola Bottling Company employs a salesman who calls on the retail dealers of soft drinks in the territory supplied by said Chero-Cola Bottling Company and said salesman distributes advertising matter of said company, and induces said retail dealers to purchase its requirements of the products of said Chero-Cola Bottling Company of Nashville from said company.

"Said salesman works the territory in Wilson county, consisting of the retail dealers situated along the Lebanon pike between Nashville and Lebanon, three or four times a year, seeking said retail dealers situated in Wilson county, Tenn., along the Lebanon pike between Nashville and Lebanon, to purchase their requirements of the products manufactured by said Chero-Cola Bottling Company

of Nashville of said Chero-Cola Bottling Company of Nashville.

"Said Chero-Cola Bottling Company of Nashville sends its truck into Wilson county usually on Tuesday and Friday of each week, on which days the driver of said truck of said Chero-Cola Bottling Company of Nashville delivers to said retail dealers, established customers of said Chero-Cola Bottling Company of Nashville situated as aforesaid along the established route as aforestated, the requirements of said dealers of the products manufactured by said Chero-Cola Bottling Company at eighty cents per case, as aforesaid. Said retail dealers pay said driver of said truck in cash for the amount of products manufacture by said Chero-Cola Bottling Company and required by said retail dealers. In the winter months said driver of said truck calls but once each week upon said retail dealers.

"Said Chero-Cola Bottling Company of Nashville does not manufacture its products to keep the same on hand for sale generally but only to fill the requirements of its said customers, the said retail dealers, the said Chero-Cola Bottling Company as aforestated making no sales whatever to consumers, and never taking the dealer's profit, selling only its products at eighty cents per case as aforestated, of which seven and three-tenths cents is paid to the United States government as a war tax.

"The Manufacturing plant of said Chero-Cola Bottling Company of Nashville is located at Nashville, Tenn. Said Chero-Cola Bottling Company of Nashville has no warerooms, and keeps no stock on hand except such as is manufactured by it from day to day to meet the requirements of the retail dealers.

"Said Chero-Cola Bottling Company pays the bottlers' privilege tax assessed to it, as provided for by chapter 134 of the Acts of Tennessee of 1919, amounting to $300 per year to the State, $300 per year to the county of Davidson, and $300 per year to the city of Nashville, and pays all other taxes legally assessed to and due from it.

"Said Chero-Cola Bottling Company of Nashville delivers its said product so manufactured by it as aforestated to said retail dealers, wheresoever situated, exclusively by automobile truck, at eighty cents per case of twenty-four bottles as aforesaid, receiving net to said company, as herein above set forth, seventy-two and seven-tenths cents, the balance of seven and three-tenths cents being the war tax upon each case paid to said United States government.

"Said Chero-Cola Bottling Company of Nashville, Tenn., employs automobile trucks exclusively in delivering its said product, so manufactured by it, to said retail dealers.

"That when the trucks of said Chero-Cola Bottling Company arrive in Wilson County the driver, the agent of said Chero-Cola Bottling Company, calls on the retail dealers, the said customers of said Chero-Cola Bottling Company, and sells said customers such quantities of its said product, so manufactured by it, and carried upon its said trucks, as its said customers, the said retail dealers, desire.   That is the custom of said Chero-Cola Bottling Company, or its driver or agent, to make such sales, and at the same time collect the money for its said product, so manufactured by it, and so delivered as aforesaid.

"Said Chero-Cola Bottling Company does not pay to the county of Wilson and the town of Lebanon a peddler's tax or a transient merchant's tax.

"It is stipulated and agreed by and between the respective parties to this litigation, being the Chero-Cola Bottling Company of Nashville, Tenn., the complainant, and Frank McDaniel, county court clerk of Wilson county, H. F. Stratton, circuit court clerk of Wilson county, and B. W. Burford, city clerk of the town of Lebanon, Tenn., defendants, through their respective counsel, that the foregoing stipulation of facts is true, and are the facts that would be testified to by competent witnesses were they examined and their depositions taken and filed on this cause, and, further, that this stipulation is entered into and submitted in lieu of other proof for the purpose of conserving time and saving expense to the respective parties."

Upon this state of facts it is clear that complainant is not liable for a peddler's tax, and counsel for appellants does not so insist in his brief, but he contends that it is liable for a transient merchant's tax, as provided in section 4, chapter 134, Acts of 1919, to-wit:

"Every person, firm, or corporation, whether as principal or agent, who engages in or transacts a temporary or transient merchant's business in any building, structure, car, booth, tent or other place, or who while doing business in any such place, advertises, represents and holds out any goods, wares, or merchandise as being sold as insurance, bankrupt, railway wreck, wholesale, manufacturers, closing out sale, or so-called smoke, fire or water, or damaged goods sale, shall be deemed and held for the purpose of this act a temporary and transient merchant, unless such person, firm, or corporation has previously for a period of one year immediately prior thereto conducted in good faith a merchant's business in the town, city, or taxing district wherein such sale is held: Provided, that any such

person, firm, or corporation intending to go into any such business permanently may be exempt from the provisions of this section upon filing with the county court clerk an application under oath for a permit to start such business as a permanent merchant each, per annum (not to be taken out for less than twelve months), $250."

This provision, in our opinion, refers to that class of vendors who come to a place for a temporary or brief stay with salvaged goods or merchandise which they advertise to retail at wholesale prices, or which they represent as coming direct from the factory for sale at factory prices, etc., and has no application to a business such as complainant was conducting.

Under our holding in *Plow Co.* v. *Hays,* 125 Tenn., 148, 140 S. W., 1068, the complainant was not a merchant in the sense in which that term is used in our revenue statutes. In that case the court said:

"The marked distinction between a manufacturer and a merchant is that the merchant, or dealer, sells to earn a profit, and the manufacturer sells to take profit already earned. He must buy the materials out of which to make his finished product, and he must sell the product of his factory after it is finished. But such dealings are not his occupation. The one supplies him with the materials with which to pursue it, while the other merely enables him to take the profit earned."

The court further said: "It is also a settled rule of interpretation in this State that statutes levying taxes or duties upon citizens will not be extended by implication beyond the clear import of the language used, nor will their operation be enlarged so as to embrace matters not specifically pointed out, although standing upon a close

analogy. All questions of doubt arising upon the construction of the statute will be resolved against the government, and in favor of the citizen, because burdens are not to be imposed beyond what the statute expressly imports. *English* v. *Crenshaw,* 120 Tenn., 531, 110 S. W., 210, 17 L. R. A. (N. S.), 753, 127 Am. St. Rep., 1025; *Memphis* v. *Bing,* 94 Tenn., 644, 30 S. W., 745; *Crenshaw* v. *Moore,* 124 Tenn., 528, 137 S. W., 924."

And on page 157 of 125 Tenn., on page 1070 of 140 S. W., it was stated that:

"The complainant sells nothing except the product of its own factory, and does not sell that for a dealer's profit. Its only sales are to jobbers and commission men, and the only profit it takes is for manufacturing the articles sold. While it deals, and is a dealer, its dealings are merely incidental to its occupation of manufacturer."

We, therefore, hold that the chancellor was correct in his conclusions, and his decre will be in all things affirmed, with costs.