TOLEDO SCALE Co. *v.* THOS. G. HILL, Clerk of Davidson County.*

(*Nashville.* December Term, 1924.)

1. **STATUTES.** Tax statutes will not be extended by implication beyond clear import of language used.

    Statutes levying taxes or duties upon citizens will not be extended by implication beyond clear import of language used. (*Post, pp.* 318-320.)

    Acts cited and construed: Acts 1919, ch. 134; Acts 1921, ch. 108; Acts 1923, ch. 75.

    Cases cited and approved: Plow Co. v. Hays, 125 Tenn., 148; English v. Crenshaw, 120 Tenn., 531; Crenshaw v. Moore, 124 Tenn., 528; Memphis v. Bing, 94 Tenn., 644; Chero-Cola Bottling Co. v. McDaniel, 145 Tenn., 615.

2. **STATUTES.** Operation of statutes levying taxes or duties will not be enlarged to embrace matters not specially pointed out.

    Operation of statutes levying taxes or duties upon citizens will not be enlarged by analogy to embrace matters not specially pointed out. (*Post, pp.* 318-320.)

3. **STATUTES.** Questions of doubt arising from construction of statutes levying taxes or duties will be resolved against government.

    All questions of doubt arising in the construction of statutes levying taxes or duties will be resolved against the government. (*Post, pp.* 318-320.)

4. **LICENSES.** Weighing scale held not "computing machine" or "calculating machine" within statute taxing privilege of selling latter type of machine; "adding machine."

    A weighing scale operated automatically by the weight of the article to be weighed resting on the platter or platform *held* not a "computing machine" or "calculating machine" within Gen. Revenue Act of 1919, as amended by Acts 1921, chapter 108 or Gen. Revenue

Toledo Scale Co. v. Hill.

Act 1923, and a tax levied against complainant for selling such weighing scale was unauthorized; an "adding machine" being a mechanical device which necessarily must be operated by a person, and which is set in motion by operator punching keys or pulling lever, which action sets in motion certain machinery which makes the additions, and which by another manipulation of the keys or the pull of the lever gives the grand total of the figures, the result being produced by the operator and not by the voluntary act of the machine. (*Post, pp.* 318-320.)

*Headnotes 1. Statutes, 36 Cyc., p. 1189; 2. Statutes, 36 Cyc., p. 1189; 3. Statutes, 36 Cyc., p. 1189; 4. Licenses, 37 C. J. Section 78 (1926 Anno.).

## FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County. —Hon. James B. Newman, Judge.

W. B. Marr and A. G. Ewing, Jr., for complainant.

Horace Osment, for defendant.

Mr. Justice Hall delivered the opinion of the Court.

This cause involves the liability of the complainant, Toledo Scale Company, a foreign corporation, with a sales agency in the city of Nashville, for State and county privilege taxes for the years 1921, 1922, and 1923.

Complainant, because of the issuance of three distress warrants, and the levy thereof through the office of the county court clerk of Davidson county, Thomas G. Hill, and because of the threat of a constable's sale of its property, on October 25, 1923, paid to the county court clerk of Davidson county the total sum of $1,054 under protest. Said sum was paid by complainant to

defendant as State and county privilege taxes, interest, penalties, and costs for the privilege of selling computing or calculating machines for the years 1921, 1922, and 1923, through its sales agency located at Nashville.

Complainant filed its bill November 23, 1923, against defendant, Hill, to recover said sum.

Said privilege taxes were levied and collected from complainant by defendant under the General Revenue Act of 1919, chapter 134, as amended by the Act of 1921, chapter 108, for the years 1921 and 1922, and the Act of 1923, chapter 75, for the year 1923.

The General Revenue Act of 1919, as amended by the Act of 1921, reads as follows:

"Each person, firm or corporation engaged in the business of selling cash registers, adding machines, typewriters, or multigraph machines, computing machines, comptometers, bookkeeping machines, accounting machines, calculating machines, check-writing machines, dictating machines, or other like devices:

"In cities, towns or taxing districts of 60,000 inhabitants or over .......................... $100.00"

The General Revenue Act of 1923 provides:

"Each person, firm or corporation engaged in the business of selling cash registers, adding machines, typewriters or multigraph machines, computing machines, comptometers, bookkeeping machines, accounting machines, calculating machines, check-writing machines, or other like devices:

"In cities, towns or taxing districts of 60,000 inhabitants or over, per annum .......... $150.00"

Complainant was engaged, through its sales agency, in business in the city of Nashville, Davidson county,

during the years for which said taxes were collected, selling what is commonly termed computing weighing scales. These scales operate by gravity, and indicate the weight and the value of the commodity weighed, if the commodity sells for a price which is within the limitation of the scales. Complainant alleged in its bill that it had never been assessed with a privilege tax for selling said scales in Davidson county, or any other county in Tennessee, prior to the year 1923, when defendant undertook to assess complainant for said privilege, and it denied that it was liable for the privilege tax levied by the general revenue acts hereinbefore referred to, and alleged that privilege taxes for the years hereinbefore mentioned, including interest, penalties, and costs, had wrongfully been collected from it by defendant.

The prayer of the bill was for a recovery of said taxes, interest, penalties, and cost, together with interest on the total sum from the date of its payment.

Defendant answered the bill. In his answer he averred that complainant's principal business for said years was the selling of computing or calculating scales or machines in the city of Nashville, Davidson county, Tenn., a city of more than $60,000 inhabitants; that said scales sold by complainant were what is commonly known as computing scales; that these scales not only determined the weight of an object or commodity, but, by means of a computing scale or device, indicate, determine, compute, and calculate such object or commodity at a given rate per pound by means of said computing device; that the scales sold by complainant not only show the price of a specified weight, but the weight at a specified price; that said scale is a computing machine, and

falls within the provisions of the revenue acts under which said taxes were collected by defendant; and the answer denies that said taxes, interest, penalties, and costs were wrongfully and illegally assessed and collected.

The cause was finally heard by the chancellor on the pleadings and proof, when a decree was rendered dismissing complainant's bill and denying it the relief sought. From this decree complainant has appealed and assigned errors.

Through its first assignment of error complainant insists that the chancellor erred in decreeing that it was subject to the privilege tax assessed against it and collected.

Through its second assignment of error complainant insists that the chancellor erred in holding that the scales sold by complainant were computing or calculating machines or devices, and were embraced in the classification of machines or devices, the sale of which, by agencies in Tennessee, was made taxable by the revenue acts hereinbefore referred to.

Through its third assignmnt of error complainant insists that the chancellor erred in not sustaining its bill and rendering a decree in its favor for the total amount of the taxes, interest, penalties, and costs paid by it to defendant, together with interest on said sum from the date paid, and the costs of the suit.

The evidence shows that complainant has maintained a sales agency in Nashville, through which its scales are sold in Nashville and Davidson county, since 1918. It had never been called on to pay a privilege tax for selling computing or calculating machines until the de-

fendant demanded this tax August 30, 1923. On its refusal to pay said tax three distress warrants were issued by defendant on October 15, 1923, for the years 1921, 1922, and 1923, respectively, and were levied on certain property of complainant, and the sale thereof under said distress warrants was threatened. It was then that said taxes, together with interest, penalties, and costs, were paid by complainant under protest. The total amount of the tax paid was $700, interest paid $57, and penalties in the sum of $248. In addition to these items complainant paid clerk's fees $7.50, and officer's commission $35.65; in all the sum of $1,054.90.

The scales sold by complainant during the years for which said privilege taxes were collected are described as a mechanical device which consists of a lever resting on agate bearings; that at one end the platter or platform is attached, and on the other is attached the pendulum or weight. The article to be weighed is placed on the platter or platform, and its weight pulls by gravity against the weight of the pendulum, and pulls the indicator opposite to the figures on the chart, which figures indicate the weight and price of the article. The principle upon which the scales work is that of gravity. The charts are lithographed tables of figures set out in predetermined or prior calculated or computed arrangement. Gravity pulls the figures on the cylinder shaped charts opposite to the indicator, thus designating the weight and price. No figures on the chart change; these have all been arranged and lithographed before being attached to the cylinder. In the circular and fanshaped charts the figures are lithographed onto the charts, and gravity pulls the indicator opposite to the price and

weight of the article being weighed. These charts are permanently attached to the scales. The figures on them are all worked out or predetermined before they are attached to the scales. The scales do not, in reality, compute or calculate anything. The figures on the chart attached to the scale, when an article is being weighed, undergo no contemporaneous change, adjustment, computation, or calculation. There is no volitional act of the person doing the weighing that causes the price and weight of the article to become arranged into the composite of figures which indicates the price or weight of the article.

Complainant's scales are not similar or operated in the same or similar way to any of the machines or devices named in the statutes hereinbefore referred to. They are not sold by the same class of merchants or dealers that the machines or devices named in said statutes are sold by.

It is insisted by defendant that complainant's scales fall within the classification of ''computing machines'' or ''calculating machines,'' and are clearly covered by our general revenue acts.

We cannot assent to this contention. Computing machines and calculating machines are in common use, and their character is well known. An adding machine is a mechanical device which necessarily must be operated by a person. It is set in motion by the operator punching keys or pulling a lever. This sets in motion certain machinery which makes the additions, and by another manipulation of the keys or the pull of the lever the grand total of the figures added together is given. In other words, the figures or units are separately and vol-

untarily brought into combination by the operator of the machine. The result is produced by the operator, and it is not the voluntary act of the machine.

The operation of the scales which complainant sells is wholly dissimilar. They are operated automatically by the weight of the article to be weighed resting on the platter or platform. Calculating machines are operated in a similar manner to adding machines.

Some of the well-known manufacturers of computing and adding machines are the Burroughs, Sunstrand, and Dalton. These machines are commonly used in banks and offices. They belong to an entirely different class of machines from that of weighing scales, such as are manufactured and sold by complainant, and are used entirely for a different purpose.

We are of the opinion that the legislature did not intend to include weighing scales in the class of machines enumerated in the sections of our revenue acts hereinbefore quoted. If it had, it would more than likely have done so in plain and unmistakable language, because weighing scales are a common and well-known device. If the legislature had intended to include weighing scales in said statutes, it would have doubtless mentioned them as it did cash registers, typewriters, and multigraph machines.

This court has repeatedly held that statutes levying taxes or duties upon citizens will not be extended by implication beyond the clear import of the language used, nor will their operation be enlarged so as to embrace matters not specially pointed out, although standing upon a close analogy, and all questions of doubt will be resolved against the government and in favor of the citizen, be-

cause burdens are not to be imposed beyond what the statute expressly imparts. *Plow Co.* v. *Hays,* 125 Tenn., 148, 140 S. W., 1068; *English* v. *Crenshaw,* 120 Tenn., 531, 110 S. W., 210, 17 L. R. A. (N. S.), 753, 127 Am. St. Rep., 1025; *Crenshaw* v. *Moore,* 124 Tenn., 528, 137 S. W., 924, 34 L. R. A. (N. S.), 1161, Ann. Cas., 1913A, 165; *Memphis* v. *Bing,* 94 Tenn., 644, 30 S. W., 745; *Chero-Cola Bottling Co.* v. *McDaniel,* 145 Tenn., 615, 237 S. W., 1101.

It results that the decree of the chancellor will be reversed and a decree will be entered here in complainant's favor for the amount of said taxes, interest, penalties, and costs, together with interest on the county's part from October 25, 1923, and the costs of the cause.