STATE OF TENNESSEE *ex rel. v.* MARGARET J. CAIN, EXTRX., ETC.

*(Nashville,* December Term, 1930.)

Opinion filed March 14, 1931.

Roy H. Beeler, and E. F. Hunt, Assistant Attorneys-General, for complainant, appellee.

E. J. Smith, for defendant, appellant.

Mr. Justice Chambliss delivered the opinion of the Court.

This appeal is from a decree holding the proceeds, above $40,000, of certain insurance policies on the life of Michael J. Cain, deceased, issued prior to the passage of Chap. 29, Acts of Tennessee, 1929, Extra Session, subject to the inheritance tax thereby imposed. Cain died February 15, 1930, leaving by his will his entire estate, including insurance, to his wife. At his death he had $90,000 of insurance in force, all of which was payable to his wife unconditionally, except one policy for $30,000 and two for $5000 each, which provided that the interest on the proceeds should go to the wife for life, the fund to be equally divided at her death between his children.

Each policy contained a clause giving Cain the right to change the beneficiary, which right he did not exercise. The Department of Finance & Taxation held all the proceeds of Mr. Cain's life insurance above $40,000 liable to the tax imposed by said Chapter 29, and this ruling having been sustained by the Tax Board, the question was submitted to the Chancellor as an agreed case.

■■■ We are constrained to concur with the learned Chancellor. The Tennessee inheritance tax being levied upon the right to *acquire,* and not upon the right to *transmit,* as under the Federal law, (*Henson* v. *Monday,* 143 Tenn., 418), and the policies in this case being all payable to the wife, or the wife and children of the insured, but with the *express reservation of the right to change the beneficiary,* and the wife or children having no vested interest in such form of policy under our decisions, this right to acquire did not become effective until after Chap. 29, Acts Ex. Session of 1929, had gone into effect. It follows that no retroactive application is given to the statute.

*Lewellyn* v. *Frick,* 268 U. S., 238, 69 L. Ed., 934, is relied on for appellant, in which it was held that the Federal Revenue Act of 1919 should not be construed retroactively, as to policies taken out before its passage. But, in that case it is distinctly pointed out that:

"All the policies were taken out before the Revenue Act was passed. The largest one, for $114,000, was a paid up policy issued in 1901, payable to Mrs. Frick without power in Mr. Frick to change the beneficiary. Another, similar so far as material, was for $50,000. Others were assigned, or the beneficiary named (Frick's estate), was changed to Frick's wife or daughter before the date of the statute."

So it clearly appears that, in the Frick case, both the *right to transmit, and the right to acquire, had vested* before the act became effective.

The Wisconsin case of *State* v. *Allis et al.,* 174 Wis., 527, 184 N. W., 381, cited for the State is in point. On page 8 of the opinion, it is pointed out, in referring to the respective interests of the insured and his wife in these policies, that,

"Her interests in the policies and their proceeds were joined with his interests *until the contingency of her surviving him had happened.* Under such circumstances it must follow that a transfer of his interest in these policies *took effect at the husband's death,* and that she, in law, had not an absolute, but a *qualified ownership* of the policies and their proceeds before his death." (Italics ours.)

Such in effect are the rights of a wife under our law in the husband's insurance payable to her, but reserving the right to change the beneficiary.

The Act of 1929 provides so expressly that for tax purposes, "there shall be included in the gross estate the proceeds of insurance policies payable to named beneficiaries, or to his estate," etc., that the tax must attach to such proceeds, unless the Act is to be held retroactive when applied to policies such as those before us outstanding before the passage of the act.

For the reasons above stated, we are unable to adopt this view urged by learned counsel for appellants, and the judgment is affirmed.