STATE *ex rel.*, McCABE, COM'R., COMPLAINANT, APPELLANT,
  *v.* JAMES K. CLAYTON, ADM'R., *et al.*, DEFENDANTS,
  APPELLEES.

(*Nashville*, December Term, 1930.)

Opinion filed April 4, 1931.

J. W. Sparks, for complainant, appellant.

Hancock & Hancock, for defendants, appellees.

Mr. Justice Chambliss delivered the opinion of the Court.

This is an appeal from a decree denying the right of the State's representatives to assess for inheritance taxes the value of the dower and homestead assigned to a widow. This is the sole question. The husband died before the passage of the Act of 1929, Chap. 29, Extra Session, which in terms includes dower and homestead within the tax. It is clear that no such provisions had been expressly made in the Act of 1919, Chap. 46, or our earlier acts.

It is well settled that the inheritance and succession tax is a privilege tax imposed on the right to acquire property by succession, not on the right to transmit (*State* v. *Alston,* 94 Tenn., 674); and that it is a special tax subject to the rule that such taxes are to be construed favorably to the taxpayer. *Henson* v. *Monday,* 143 Tenn.,

418; *Crenshaw* v. *Moore,* 124 Tenn., 528, 137 S. W., 924, 34 L. R. A. (N. S.), 1161, Ann. Cas. 1913A, 165; *Bailey* v. *Henry,* 125 Tenn., 390; *State* v. *Branham,* 143 Tenn., 292.

And in *Crenshaw* v. *Moore, supra,* construing the Act of 1909, Chap. 479, and previous acts, which in this particular do not materially differ from the Act of 1919, this Court held that neither the year's support of the widow, nor her dower in her husband's land, was subject to the inheritance tax. The principle involved is recognized in *White* v. *Blackford,* 146 Tenn., 612, holding the year's support exempt from this tax. Also see *Kitts* v. *Kitts,* 136 Tenn., 314.

In 37 A. L. R., page 541, will be found a note citing numerous cases holding that dower or the widow's statutory right is not subject to a succession tax. Tennessee is classified with the States so holding, citing *Crenshaw* v. *Moore, supra.*

Opinions in this and other States recognize that the homestead right is a creature of the constitution and that this and the dower right pass to the wife, not by transfer from the deceased husband, but by right of marriage and by statutes declaratory of the common law.

We find no error in the decree of the Chancellor. Affirmed.