HUTCHISON *et al v.* MONTGOMERY *et al.*

*(Nashville,* December Term, 1937.)

Opinion filed Feb. 12, 1938.

THOS. G. WATKINS, of Nashville, for appellants.

HARVEY L. BROWN, of Gallatin, for appellees.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Does the Inheritance Tax Law, Code, sections 1259-1295, inclusive, as amended, impose a tax to be apportioned ratably among the heirs taking the real property and the distributees taking the personal property of a decedent who left no will, or is the tax imposed upon the estate to be paid out of personal property in the hands of the administrator, without right to require contribution from the heirs?

The complainants are the widow, who is the sole distributee of decedent, and the administrator. The de-

fendants are collateral kin who have inherited decedent's real property. The suit is to compel the defendants to contribute toward the inheritance tax paid by the administrator out of the assets of the estate in his hands. The chancellor overruled a demurrer to so much of the bill as sought to compel the defendants to contribute toward the inheritance tax to the extent that the tax was imposed because of real property passing to them, and from his decree granted a discretionary appeal.

The question does not involve or affect the rights of the state in the enforcement and collection of the tax due. Admittedly, the state is not compelled to look to the various heirs or distributees for payment. The act gives a lien upon all property transferred, Code, 1932, section 1279, amended by Pub. Acts 1933, chapter 79, and requires the executor, or administrator, to pay all taxes due out of the funds in his hands before distribution of the estate, Code, section 1291. The question presented relates solely to the rights of the various beneficiaries as between themselves to require a proportionate contribution toward the tax from the heirs or distributees taking the property.

The controlling factor is whether Code, sections 1259-1295, as amended, impose a tax upon the privilege of transmitting property, or whether the tax is imposed upon the privilege of taking or receiving the property. This question is not free from complication, there being language in the present statute tending to support both views.

If the tax under consideration is one upon the privilege of receiving property, then it necessarily follows that those taking the property must contribute propor-

378

tionately to the payment of the tax, because those taking the property are the persons enjoying the privilege. It could not plausibly be insisted that the tax is imposed upon the privilege of receiving property, and yet require such tax to be paid by one not enjoying the privilege, as would be the case if distributees were required to pay the tax for the privilege of heirs who take real property.

Conversely, if the tax is one upon the privilege of transmitting property, there being contained in the law no express provision for contribution, it could not be said that the payment of such tax out of the assets of the estate entitles the distributee of the estate to a contribution from the heirs.. *Young Men's Christian Association* v. *Davis,* 264 U. S., 47, 44 S. Ct., 291, 68 L. Ed., 558; *Plunkett et al.* v. *Old Colony Trust Co. et al.,* 233 Mass., 471, 124 N. E., 265, 7 A. L. R., 696.

The present Inheritance Tax Law was enacted as chapter 29 of the Public Acts of the Extra Session of 1929, subsequently carried into the Code as sections 1259-1295, inclusive, as amended. This statute purports to impose the tax upon certain "transfers" of property. It provides for the ascertainment of the gross estate of the decedent and for the determination of the net estate by certain deductions from the gross estate. Code, section 1265, amended by Pub. Acts 1937, chapter 129, section 3.

After the "net taxable estate" has been determined, there is a maximum single exemption against that portion of the estate distributable to class A beneficiaries, who are ascendants, descendants, husbands or wives; and also a maximum single exemption against that portion of the estate distributable to other persons. Code,

section 1266. After the exemptions are deducted from the net taxable estate, there is a tax imposed upon that portion of the estate going to class A beneficiaries at a specified rate, and a tax imposed at a higher rate upon that portion going to class B beneficiaries. Code, section 1267, as amended by chapter 41, Public Acts of the Extra Session of 1935.

To secure the payment of the tax the statute fastens a lien "upon the property transferred, and upon all property acquired by the representative of the estate." Code, section 1279, as amended by Pub. Acts 1933, chapter 79. It provides that the taxes "due by an estate" shall be paid by the executor or administrator "out of the funds in his hands for distribution," and that "no part of the property of an estate subject to this tax shall be distributed until the tax thereon has been paid." The statute makes the personal representative liable for "all taxes payable" to the extent of any amount actually received by him. Code, section 1292.

The fact that the tax levied by Code, sections 1259-1295, as amended, has regard to the relationship to the decedent of the person who is to take a portion of the estate is strong evidence that the tax was intended to be one upon the right to receive. It is difficult to reconcile these provisions of the statute, which make the exemption and also the rate of tax vary in accordance with the relationship of the beneficiary to the decedent, with the view that this is a tax upon the privilege of transmitting, and not upon the privilege of receiving.

The act contains other provisions indicative of an intent that the tax shall be imposed, not upon the privilege of transmitting property, but upon the privilege of receiving property. The caption of the act did

not purport to levy "an estate tax," but to impose a tax "on transfers of property by inheritance and intestate laws of the State, by will or gift, in trust or otherwise," etc. While the act has been carried into the Code, the language of its original caption may be examined to assist in the interpretation of the Code section. *Holston River Electric Co.* v. *Hydro Electric Corporation,* 166 Tenn., 662, 64 S. W. (2d), 509.

With respect to life estates and remainder interests created from a portion of the property of the estate, it is specified by section 1270 that, unless otherwise provided by the transferrer, the tax on such interest shall be payable out of the property in which such interest exists. This provision is best explained upon the theory that the statute contemplates the payment of any tax by the person receiving the property for the privilege of taking, and that such provision was inserted merely to specify with respect to life interests, etc., that the tax should be payable out of the property, rather than out of the income received by the life tenant.

By section 1279, as amended by Pub. Acts 1933, chapter 79, the Commissioner of Finance and Taxation is authorized to discharge the lien upon the real estate transferred, or any portion thereof, upon the payment of such amount of tax as the commissioner may specify and require. This provision also is consistent with the idea that the commissioner may release the lien when the tax paid with reference to a particular portion of the property has been secured by him.

Section 1282 of the Code, as amended by Pub. Acts 1937, chapter 129, section 5, provides that the value of the property transferred to each class of beneficiaries shall be aggregated for the purpose of computing the

tax and allowing the exemption provided. Again, the language of the statute is indicative of an intention not to impose an estate tax, in the proper usage of that term, but to impose a succession tax, payable by the estate prior to distribution thereof.

Section 1291 of the Code requires that "all taxes due by an estate" shall be paid by the executor or administrator. Unless the legislative intent had been to impose the tax upon the privilege of receiving property there would, of course, have been only one tax due from a particular estate and the language "all taxes" would be inapt. Section 1292 repeats the provision for payment "of all taxes" on an estate.

It is true that various provisions of the act refer to the tax as due "by an estate," or as payable "on the estate," but we are not of opinion that this language was used with the intent to impose an estate tax rather than an inheritance or succession tax. On this point the following language of this court, in *Bank of Commerce & Trust Co.* v. *McLemore et al.*, 162 Tenn., 137, 35 S. W. (2d), 31, 32, is applicable: "In previous acts the requirement was 'that all estates' are subject to a tax. If these acts were given a technical or literal construction, it might be argued with plausibility that they were estate statutes, but this court held them to be inheritance or succession statutes."

The mere fact that the executor, or administrator, is required under the present law to pay the entire tax out of the funds in his hands prior to any distribution does not establish that the tax imposed is one upon the privilege of transmitting property. This provision was doubtless inserted into the statute to facilitate the collection of revenue by the state, and not to

alter or to determine the respective rights as between themselves of the various beneficiaries of the estate. This same provision which requires the personal representative to pay the tax out of any assets possessed by him prior to distribution explains the omission from the present statute of the provision found in our earlier inheritance tax laws requiring the personal representative to deduct the amount of inheritance tax payable upon any legacy, or distributable share, of an estate. Since the present act gives the state a lien upon the entire estate, including real property, and forbids distribution of assets prior to tax payment, there is no necessity for a provision for the deduction by the personal representative of the amount of the tax from each legacy or distributable share. Under the present law there can be no payment of a legacy, or distributable share, prior to payment of the tax without consent of the taxing officers, even though the personal representative sought to pay such distributable share after deducting the amount of tax thereon.

The fact that the prior inheritance tax laws of Tennessee have been construed as taxes upon the privilege of receiving property and that there is no express language in the present statute purporting to levy the tax upon the privilege of transmitting, supports the view that the present law, like the earlier laws, is a tax upon the privilege of receiving property.

The Inheritance Tax Law of 1893 was held by this court to be a tax upon the privilege of receiving property. *State* v. *Alston*, 94 Tenn., 674, 30 S. W., 750, 28 L. R. A., 178; *English* v. *Crenshaw*, 120 Tenn., 531, 110 S. W., 210, 17 L. R. A. (N. S.), 753, 127 Am. St. Rep., 1025; *Crenshaw* v. *Moore*, 124 Tenn., 528, 137 S. W., 924,

34 L. R. A. (N. S.), 1161, Ann. Cas., 1913A, 165; *Henson* v. *Monday,* 143 Tenn., 418, 224 S. W., 1043.

The Inheritance Tax Act of 1909, which was a supplement to the act of 1893, was likewise held to be a tax upon the privilege of taking property. *Knox* v. *Emerson,* 123 Tenn., 409, 131 S. W., 972.

The Inheritance Tax Act of 1919 was construed as imposing, not an estate tax, but a tax upon the privilege of acquiring the estate by succession. *Bank of Commerce & Trust Co.* v. *McLemore et al.,* 162 Tenn., 137, 35 S. W. (2d), 31; *State ex rel.* v. *Clayton,* 162 Tenn., 368, 38 S. W. (2d), 551.

In two opinions of this court the Inheritance Tax Law of 1929, which is now embodied in Code, sections 1259-1295, as amended, without substantial change, has been treated as a tax upon the privilege of receiving property.

In *State ex rel.* v. *Cain,* 162 Tenn., 213, at page 215, 36 S. W. (2d), 82, this tax was declared to be "levied upon the right to acquire, and not upon the right to transmit, as under the federal law."

In *Bank of Commerce & Trust Co.* v. *McLemore et al.,* 162 Tenn., 137, at page 145, 35 S. W. (2d), 31, 33, it was said: "The Legislature at the extra session in 1929 not only passed a law 'to establish and impose a tax for general State purposes on transfers of property by inheritance and intestate laws of the State' (chapter 29), but it enacted another law (chapter 23) entitled 'An act to establish and impose an estate tax,' thus showing that the Legislature fully comprehended the difference between these two forms of taxes."

In most states the statutory death duty, as con-

strued by the highest courts of these states, has been held to be based upon the privilege of taking property, and not upon the privilege of transmitting it. Cooley on Taxation (4 Ed.), section 1722; Gleason and Otis on Inheritance Taxation (4 Ed.), page 259; Pinkerton & Millsaps on Inheritance and Estate Taxes, p. 26. An analysis of the opinions interpreting the various statutes would not be helpful, however, because the question to be determined must depend upon the particular language of our taxing statute.

Our conclusion is that the Tennessee Inheritance Tax Law, imposed by Code section 1259 *et seq.,* and amendatory acts, is a tax upon the privilege of acquiring and not upon the privilege of transmitting property, and that the burden of such tax, as between the heirs and distributees of an intestate, must be borne by the person acquiring or receiving the property. We are not unaware that certain language of the present statute, such as the provision of section 1265, as amended by Pub. Acts 1937, chapter 129, section 3, that the federal estate tax shall not be deducted, is indicative that the tax imposed is an estate tax rather than a succession tax; but considering the entire act, we are constrained to a contrary conclusion. Compare *Stebbins* v. *Riley,* 268 U. S., 137, 45 S. Ct., 424, 69 L. Ed., 884, 44 A. L. R., 1454.

The decree of the chancellor overruling the demurrer to so much of the bill as sought to compel the heirs to contribute toward the inheritance tax is affirmed, and the case is remanded for further proceedings.