**LEWIS, Assessor, et al. v. O'HAIR.**

**No. 8788.**

Court of Civil Appeals of Texas. Austin.

May 31, 1939.

Rehearing Denied June 21, 1939.

Wm. McCraw, Atty. Gen., and Jno. J. McKay, and Charles N. Avery, Jr., Asst. Attys. Gen., and Gerald C. Mann, Atty. Gen., and Cecil C. Rotsch and Claude Boothmann, Asst. Attys. Gen., for appellants.

Walter C. Woodward and Rob O'Hair, both of Coleman, for appellee.

McCLENDON, Chief Justice.

This case presents the sole question whether the surviving wife of a deceased son is included in "wife of a son" as that term is used in V. A. R. C. S. Art. 7118, which designates the persons who are placed in "Class A. Husband or wife or their decendants or ascendants," for the purposes of the Inheritance Tax Law (R. C.S. Title 122, Chap. 5, Vernon's Ann.Civ. St. art. 7117 et seq.)

The facts, which are without dispute, are these:

Appellee, Mrs. Hattie O'Hair, the party asserting the right to be placed in Class A, is the surviving wife (not having remarried) of Will O'Hair, who died in 1919. To them was born a son, who is now living. Will O'Hair was the son of H. J. and Mary McClellan O'Hair (referred to respectively as the mother and father), who died respectively in 1936 and 1937, each testate, and each leaving a bequest to Mrs. Hattie O'Hair; that of the mother being $5,000 in money, and that of the father $4,500 in money and property. The executors of these wills complied with the statutory requirements of filing with the comptroller and county judge inventories of the estates and lists of the beneficiaries. These officials held that appellee fell in Class E (Art. 7122) of the Inheritance Tax Law, and assessed each estate 5% of the amount of the bequest in excess of $500; that is, $225 (5% of $4,500) on the mother's bequest, and $200 (5% on $4,000) on the father's. These sums were paid under protest under V.A.R.C.S. Art. 7057b, and this suit was seasonably brought by Mrs. Hattie O'Hair under said article to recover back the sums so paid. The trial court's judgment awarded the sought recovery, and the defendant officials have appealed.

The pertinent portions of Art. 7118 read: "If passing to or for the use of husband or wife, or any direct lineal descendant of husband or wife, or any direct lineal descendant or ascendant of the decedent, or to legally adopted child or children, or any direct lineal descendant of adopted child or children of decedent, or to the husband of a daughter, or the wife of a son, the tax shall be one (1) per cent on any value in excess of $25,000," etc.

Appellants contend that the expression, "wife of a son," (as also "husband of a daughter") was intended to bring within Class A those legally related to the donor by affinity at the time of the donor's death; that since the word "wife" both lexically and popularly means a woman actually united to a man in lawful wedlock, and since death severs the bonds of matrimony,

and the relation of wife ceases upon the death of her husband, she being then no longer wife but widow; the relation by consanguinity to the parents of her deceased husband no longer exists, and she is not included within the expression "wife of a son" as that term is used in Art. 7118.

They further contend that Art. 7118 is in the nature of a tax exemption; that such exemptions are strictly construed; and that the party claiming them must bring himself strictly and literally within the language of the exempting statute. Citing Morris v. Lone Star Chapter No. 6, R.A.M., 68 Tex. 698, 5 S.W. 519, and other cases of similar import. These decisions relate to exemptions from taxation generally.

Appellee contends that the proper rule of construction here is that laid down in 61 C.J., p. 1626, § 2413, reading: "Where there is a doubt as to the construction of a statute imposing an inheritance or transfer tax, it should be resolved in favor of the person taxed and the statute construed strictly against the taxing power. A doubt as to the taxability of a fund should be resolved against the government."

■ The text seems to be supported by the weight of authority, although some expressions to the contrary may be found. See McDaniel v. Byrkett, 120 Ark. 295, 179 S.W. 491; Estate of Ullmann, 263 Ill. 528, 105 N.E. 292, 51 L.R.A.,N.S., 1075, Ann.Cas.1915C, 321; Cupples' Estate, 272 Mo. 465, 199 S.W. 556; Smith v. Browning, 225 N.Y. 358, 122 N.E. 217; Manning v. Board, etc., 46 R.I. 400, 127 A. 865; State ex rel. v. Clayton, 162 Tenn. 368, 38 S. W.2d 551.

This rule is based upon the fact that an inheritance tax is a special tax as to which this rule is applied generally.

The Galveston Court applied this rule in State v. Hogg, Tex.Civ.App., 54 S.W.2d 274. While the decision in that case was reversed by the Supreme Court (123 Tex. 568, 70 S.W.2d 699, 72 S.W.2d 593), the holding upon this rule of construction was not questioned.

The trend of decision and legislation has been to give a liberal construction of and to liberalize the statute in the interest of those having some legitimate character of claim to the donor's bounty, and this regardless of whether there be a legal kinship by blood or marriage.

Thus in State ex rel. Walton v. Yturria, 109 Tex. 220, 204 S.W. 315, L.R.A.1918F, 1079, the inheritance tax law of 1911 (Art. 7487), which excepted from the operation of the tax property passing to "the father, mother, husband, wife or direct lineal descendants of the" deceased, adopted children were held to come within the term "direct lineal descendants."

■ There are now no absolute exemptions under the statute, unless it be to the State by necessary implication. However, the classification of those formerly . entirely exempt and now given the highest exemption and the lowest tax rate has been gradually broadened to include additionally (1) any direct lineal descendant of the husband or wife of decedent, (2) any direct lineal ascendant of the decedent, (3) the legally adopted child or children or (4) any direct lineal descendant of adopted child or children of decedent, and (5) "the husband of a daughter, or the wife of a son." Thus it will be seen that the statutory classification is not predicated upon a strictly legal relationship by blood or marriage.

In the generality of cases—and in classifying for taxing purposes only the generality can be taken into account—the considerations which would motivate a father- or mother-in-law to provide for the daughter-in-law would be at least as cogent after as before the death of the son. So also would be the considerations motivating legislative classification in this regard. These considerations are so obvious as not to require statement or elaboration.

We think therefore the legislative intent to make no distinction between the wife of a living husband and the surviving wife of a deceased husband can be drawn from the article without doing violence to its language.

The statute itself uses the expression wife in the sense of widow or surviving wife of the deceased. And this is not an uncommon use of wife, except when, contextually or otherwise, it is clear that it was intended to be used in its strict lexical meaning.

The laws of descent and distribution afford no real analogy; for inheritance, except as to husband or wife of decedent (who under the common law were regarded as one), is by blood relation alone.

Appellee was not a legal heir of either of the donors; and this regardless of whether Will O'Hair were dead or alive, and irrespective of the fact that she was the mother of his son.

Nor do we think the holdings with relation to laws prohibiting marriage between those related within certain affinal degrees furnish a pertinent analogy. Our problem here is to ascertain the legislative intent from the statutory language employed; and is not controlled by the existence vel non of a legally recognized affinal relationship.

There is one other point made by appellee; namely, that if appellants' contention that the statute properly construed has reference to a legal kinship, then such kinship existed by virtue of the fact that appellee was the mother of Will O'Hair's son. We quote from 2 C.J. p. 379, which supports this view: "Death of the spouse terminates the relationship by affinity; if, however, the marriage has resulted in issue who are still living, the relationship by affinity continues."

The text is supported by decisions from Indiana, Massachusetts, New York, Virginia, and Stringfellow v. State, 42 Tex.Cr. R. 504, 61 S.W. 719, by our Texas Court of Criminal Appeals.

We hold that appellee was properly classified as included in Class A, Art. 7118.

The trial court's judgment is affirmed.

Affirmed.