**YELLOW CAB CO. et al. v. PENGILLY, Tax Collector. (No. 12070.)**

Court of Civil Appeals of Texas. Fort Worth. Nov. 17, 1928.

Dee Estes and Carl W. Wadis, both of Fort Worth, for appellants.

Jesse E. Martin and W. M. McGregor, both of Fort Worth, for appellee.

CONNER, C. J. This appeal is from a judgment in favor of John Pengilly, state and county tax collector of Tarrant county, against appellants Lightsey Drive it Yourself System, the Auto Rent Company, and others, assessing against them severally automobile taxes for the year 1927, which aggregate $1,087.50. For the sums adjudged against each, tax liens were imposed and foreclosed on certain described automobiles severally owned by the appellants.

The automobiles on which the tax liens were foreclosed were, as indicated, severally owned and operated in Tarrant county during the year 1927, and the taxes were asserted by the appellee tax collector by the authority of articles 6675 and 6678, Rev. Civ. Statutes of 1925, and of article 820 of the revision of the same year of the Criminal Code (Pen. Code). The articles referred to read as follows:

Article 6675: "Every owner of a motor vehicle, tractor, trailer, semi-trailer, or motorcycle used on the public highways of this state, and each chauffeur, shall annually file in the office of the county tax collector of the county in which he resides or in which the vehicle to be registered is being operated, an application for the registration of each such vehicle owned or controlled by him, or for a chauffeur's license. The county tax collector shall not issue a license to any person until such application has been filled out in full and signed by the applicant, and until the requisite fee for the number of unexpired quarters for the calender year is paid."

Article 6678: "The annual registration fee of a motorcycle shall be five dollars. The annual fee for registration of a passenger motor vehicle shall be based upon the weight of the vehicle and upon the N. A. C. C. horsepower rating, as follows:

| Weight of Vehicle in Pounds. | Fee per 100 lbs. or Fraction Thereof. | Fee per Horse Power. |
|---|---|---|
| Class 1. 1000–2000 | $ .40 | $ .17½ |
| Class 2. 2001–3500 | .50 | .17½ |
| Class 3. 3501–4500 | .60 | .17½ |
| Class 4. 4501 and up | .75 | .17½ |

"The minimum fee, based on horse power, shall be four dollars for a full year."

Article 820 (Pen. Code): "*Motor busses.*— Owners of passenger motor vehicles operating for hire shall pay in addition to the fee of 17½ cents per horsepower and the weight fee provided therefor, an additional registration fee of four dollars for each passenger such vehicle will seat. Any owner of a motor bus vehicle who shall fail or refuse to comply with this article shall be fined not more than two hundred dollars."

The case was tried upon an agreed statement of facts, from which it appears that the appellants, and each of them, during the year 1927, owned various motor vehicles in Tarrant county, Tex., and leased or rented the same upon specified terms to such persons of the general public only as were considered responsible and trustworthy. Persons renting or leasing cars were required to execute a rental contract, specifying, among other things not thought necessary to notice, that the car rented and to be used, driven, and operated by the party renting the same was for his own private purpose and use, agreeing to return the car in the condition received. By the terms of the contract the lessor represented himself to be an experienced driver, agreed to assume all risks arising from its use, and was given complete control of the car until its return, without specification or limitation as to the roads or streets over which the car was to operate.

It further appears that all appellants have severally paid all taxes from each severally due under the terms of article 6678. So that, the vital question presented upon this appeal is whether the judgment for taxes is authorized under the terms of article 820, Penal Code.

By House Bill No. 361 of the Thirty-Eighth Legislature, the Legislature amended a number of previous enactments regulating the use and operation of motor vehicles. The act was approved March 14, 1923, and is to be found in chapter 75 of the General Laws of the Thirty-Eighth Legislature, p. 155. Section 16e of chapter 190, Acts 35th Leg., as added by section 7 of the act, was transposed, word for word, by the commission appointed to revise the laws, and included in the Revised Penal Code, adopted by the Legislature in 1925, and now constitutes article 820 of the Penal Code. If the general laws terms of the article beginning at the word "owners" and ending at the first period be only considered, the several motor vehicles owned by the several appellants would perhaps be included. But it is to be noted that the article is introduced by the terms "Motor Busses" and ends with the imposition of a penalty against owners of "a motor bus vehicle" who shall fail or refuse to comply with the article. There is no definition in the Criminal Code of the terms "motor busses," but in the caption of the act referred to, from which article 820 of the Penal Code was taken, we find that the expressed purpose of the Legislature was, among other things, to prescribe "penalties for the operation of a motor vehicle on the public highway not registered in accordance with the provisions of this Act, prescribing the maximum weights and dimensions of motor vehicles that may be operated on the public highways, providing an additional registration fee for passenger motor vehicles with a seating capacity of more than seven passengers, prescribing the methods by which the fees provided herein shall be computed," etc.

Reading the caption with article 820, we

think it fails to appear that the Legislature, in enacting section 16e, had the purpose of assessing the additional registration fee of $4 upon motor vehicles with a seating capacity of only seven passengers. In other words, we think it must be said, reading the caption together with said section 16e, that the additional registration fee of $4 was intended to apply only to motorbusses in effect defined as "motor vehicles with a seating capacity of more than seven passengers." While the caption of the act approved March 14, 1923, was not carried forward in the Criminal Code, we nevertheless think that, in the effort to determine the real meaning and legislative purpose of article 820, we may look to the caption from which we have quoted, particularly in view of the fact that article 820 is introduced, as before indicated, by the terms "motor busses" and concludes with the assessment of a penalty against owners of a motorbus vehicle only.

It is admitted that no one of the automobiles owned by appellants in this case has a seating capacity of more than seven passengers, and it seems quite plain to us that there could be no lawful conviction of any of appellants under the concluding clause of article 820, and the wording of the article, as it seems to us, negatives any purpose on the part of the revisory commission, or of the Legislature, in adopting the Revised Code, to enlarge the scope or change the effect of the original enactment.

In our construction of the laws, we have had in mind, of course, the familiar rule that tax laws are to be construed strictly. Chief Justice Marshall of the Supreme Court of the United States, we think it was, said in one of his decisions that "the power to tax is the power to destroy," and we conclude that it is by no means clear that appellants are subject to the imposition of the additional registration fees prescribed by article 820. The character of the cars owned by appellants, the manner, purpose, and scope of their use, seem to present a condition or situation not contemplated by the Legislature in providing for the additional registration fee, thus leaving appellants in the same class as other owners of ordinary motor vehicles of less than seven-passenger capacity. The apparent inducement to the imposition of an additional registration fee was to add to road funds for the extra wear and tear of the public roads over which the heavier motor vehicles are used, and we find no satisfactory reason for holding that the owner of the ordinary motor vehicle subjects himself to the additional registration fee when he merely loans, rents, or hires his automobile to an individual who drives it himself for his own use and without limitation as to roads or streets over which he shall drive. We accordingly approve what was said by the San Antonio Court of Civil Appeals in the case of

Campbell, Tax Collector, v. Groh, 8 S.W.(2d) 712, to wit, quoting from the headnote:

"Persons renting automobiles having seating capacity of not more than five persons, without driver, for private use of renters for any purpose desired, without supervision or requirement of operation over fixed route, held not liable for motor bus taxes, under Pen. Code, 1925, art. 820, in view of statutory definition of 'motorbus' under Commercial Vehicle Act (Laws 1921, c. 131) § 16, as amended by Laws 1923, c. 75 [section 7 adding] § 16e, defining 'motorbus' as passenger motor vehicle with seating capacity of more than seven persons; term being generally limited to vehicles traveling back and forth along fixed routes."

We conclude that the judgment below as against each of the appellants should be reversed and here rendered in their favor; the judgment as to the Yellow Cab Company and others not appealing is left undisturbed.