## STATE v. HOGG et al.
### No. 9872.

Court of Civil Appeals of Texas. Galveston.
Oct. 19, 1932.

Rehearing Denied Nov. 10, 1932.

O'Brien Stevens, Cr. Dist. Atty., of Houston, James V. Allred, Atty. Gen., and F. O. McKinsey, Asst. Atty. Gen., for the State.

David M. Picton, Jr., Stephen L. Pinckney, and Wm. G. B. Morrison, all of Houston, for appellees.

GRAVES, J.

This action arises under the inheritance or transfer tax laws of the state of Texas, as embraced in chapter 5, title 122, Revised Civil Statutes of 1925, articles 7117 to 7144, and amendments of 1927 and 1929 (Vernon's Ann. Civ. St. arts. 7117–7144).

The state of Texas, appellant, sued Mike Hogg as executor of the will of W. C. Hogg, who died September 12, 1930, and the twenty-three other appellees herein, to and for the use of whom bequests of property had passed under the will of W. C. Hogg, to recover inheritance taxes claimed to be due the state by virtue of these statutes by reason of the bequests so made such beneficiaries.

The controversy was purely one of law and was tried upon an agreed statement of facts, which, with certain documents, constituted all the evidence. There were two legal questions involved: First, were the bequests made to the appellees, other than Mike Hogg, executor, taxed under the law as it stood in force at the time of the death of W. C. Hogg; second, if the bequests were subject to such a tax, should the penalty-interest of 2 per cent. per month, beginning with the date of notice

of the assessment thereof, be in the circumstances charged against the bequests and the appellees, the county judge having failed to certify any such claimed amount to the appellees themselves?

The cause was tried before the court below without a jury, the contention of the appellees, that the bequests to them were not subject to the inheritance tax because they were not related to the testator, were residents of the state of Texas, and were to use the bequests within this state, was sustained, with judgment that the state take nothing following.

The trial court filed findings of fact, according with the agreed stipulation of both sides, first outlining the provisions of and procedure taken concerning the will involved, including the description and enumeration of the twenty-three bequests that were made therein to these appellees, with the calculations of the proper officials of the respective amounts of the taxes so claimed against them, and thus continuing:

"I find that none of the above named defendants (the appellees) are related to the decedent W. C. Hogg in any degree. That all of the said persons and defendants are residents of the state of Texas and that all of the said bequests, devises or gifts are to be used within the State of Texas.

"I further find that the said County Judge did calculate and determine an inheritance tax alleged to be due upon such property and bequests above mentioned according to the value thereof as shown in the appraisement and that a statement of the same was furnished to the Comptroller of Public Accounts of the State of Texas for verification, that the said Comptroller found the said tax to be correct and so advised the County Judge and that said calculation and determination of the tax against the defendants named above as made by the County Judge and approved by the Comptroller was in the amounts above stated. I further find that the County Judge of Harris County, Texas, failed to certify such amounts to any of the defendants, except Mike Hogg as he is the Executor of the said estate, as the persons to whom and for whose use the property passed, and that neither the said County Judge nor the Comptroller, nor any other official or officer of the State of Texas or the County of Harris ever certified the amounts of such tax to the defendants or gave to or served upon any of the defendants any notice of such assessment.

"I further find that Mike Hogg, as Executor of the will and estate of W. C. Hogg, deceased, has paid any and all inheritance taxes which were lawfully due to the State of Texas from the Estate of W. C. Hogg, deceased, and from the legatees, devisees or ben-

eficiaries under the will of W. C. Hogg, and upon the property passing to or for the use of the legatees, devisees or beneficiaries under said will, which is subject to tax under the laws of the State of Texas and that all liens securing the same have been satisfied, and that the said Executor paid the said tax in the sum of Eight Thousand, Four Hundred and Twenty-two and 62/100 dollars ($8,422.62) into the hands of and at the office of J. W. Hall, the Tax Collector of Harris County, Texas, on November 5, 1931, and within the time provided by law, and that the said tax collector issued receipt therefor under his seal, and that the said receipt has been countersigned by Geo. H. Sheppard, Comptroller of Public Accounts for the State of Texas, under his seal and that said receipt has been duly recorded in the Tax Receipts Records of Harris County, Texas, in volume 2, at page 20, and that there are no other inheritance taxes due to the State of Texas from the said estate or the Executor or the legatees, devisees or beneficiaries under the said will.

"I further find that neither the defendants in this suit nor the Executor of said estate, nor the Estate of W. C. Hogg, deceased, nor any of the bequests, devises or gifts passing to or for the use of the defendants under said will are indebted to the State of Texas for inheritance taxes in any sum or amount. I further find that no lien exists against the said bequests or property in favor of the State of Texas. I further find that neither the said Mike Hogg as Executor nor any of the defendants herein are liable for or owe the State of Texas any interest upon the amounts assessed against them by the said County Judge and Comptroller as penalty and that no tax lien exists to secure the taxes claimed or the penalties, costs or attorney's fees as alleged and claimed by the plaintiff herein. That the defendants in open court stipulated and agreed that they waive any defenses by reason of the fact that this suit was filed before nine months from the date of the assessment made by the County Judge."

There were then appended, among others relating to the 2 per cent. penalty-interest, these conclusions of law:

"1. That article 7117 of the Revised Civil Statutes of Texas of 1925, as amended by the First Called Session of the 41st Leg. in 1929, ch. 50, p. 109, of the Acts of said session (Vernon's Ann. Civ. St. art. 7117), provides that all property within the jurisdiction of the State of Texas which shall pass absolutely by will, shall upon passing to or for the use of any person, corporation or association, be subject to a tax for the benefit of the State's general revenue fund 'in accordance with the following classification', and that the Legislature has specified certain fixed classifications which are subject to tax.

"2. That articles 7118 to 7122 which imme

diately follow the above mentioned article comprehend and classify the classes of persons and property which are subject to tax. The said classes being taxed at different rates and with different exemptions. Article 7118 designated as 'Class A—Wife and Children' classes husband and wife and direct lineal descendants or ascendants provides for an exemption of $25,000.00 with a tax rate beginning at one per cent. Article 7119 'Class B—Domestic Bequests', classifies property passing to religious, educational or charitable organizations located within the State and the bequest is to be used within the State, or to any city, town or county within this State, or to the State of Texas or to the United States, to be used within this State; and provides for an exemption of $25,000.00 with a tax rate beginning at one per cent. This Act was amended by the 40th Legislature in 1927 at the regular session, chapter 62, p. 87, § 1 (Vernon's Ann. Civ. St. art. 7119). Article 7120 'Class C—Brother or Sister', classifies brothers or sisters or their direct lineal descendants and provides for an exemption of $10,000.00 with a tax rate beginning at three per cent. Article 7121 'Class D', classifies uncles or aunts or their direct lineal descendants and provides an exemption of $1,000.00 with a tax rate of four per cent. Article 7122 (amended by acts 40th Leg. [1927], c. 62, § 2 [Vernon's Ann. Civ. St. art. 7122] 'Class E—Foreign Bequest', classifies any other person within or without this State or any religious or charitable organization or institution within or without the State or the United States and the bequest, devise or gift is to be used without the State of Texas and provides for an exemption of $500.00 and a rate of tax beginning at five per cent. That the Legislature in said Articles has used four bases for classification, to-wit: (a) The kinship of the devisees or legatees to the decedent; (b) the domicile of the devisee or legatee; (c) bequests, devises or gifts to be used within the State of Texas; (d) bequests, devises or gifts to be used without the State of Texas. That the said Statutes grant a high exemption and provide a low rate of tax if the devise, bequest or gift is to be used within the State of Texas and provide a very low exemption and a materially higher rate of tax if to be used without the State of Texas. That the question of whether or not a devise, bequest or gift is to be used without the State was a material consideration that the Legislature had in mind and was one of the material elements of the classification made by Legislature.

"3. That the property mentioned in article 7117 was not subject to tax unless the gift, devise or bequest was classified or fell within one of the classifications set forth in articles 7118, 7119, 7120, 7121, or 7122.

"4. The property passing to or for the use of any natural person not related to a dece

276

dent has not been classified for inheritance tax purposes or made subject to tax under the provisions of the inheritance tax laws of Texas, except under article 7122, and under the said Article such property, bequests, devises or gifts made to such natural persons not related to a decedent are subject to tax only when the bequest, devise or gift is to be used without the State of Texas.

"5. That property passing to or for the use of any natural person not related to the decedent, when the bequest, devise or gift is to be used within the State of Texas has not been classified by and does not fall within the provision of article 7122, or by or within the provision of any other statutes in force in the State of Texas. And that the bequests, devises or gifts and the property passing to or for the use of the defendants herein are not, therefore, subject to inheritance taxes under the laws of the State of Texas in force at the time of the death of the decedent, W. C. Hogg.

"6. That the words 'and the bequest, devise or gift is to be used without this State' (contained in article 7122, Class E—Foreign Bequest, Revised Civil Statutes of Texas) were intended by the Legislature to apply to and be taken in conjunction with each of the classes of devises mentioned in said Article before the words quoted above, to-wit: 'passing to or for the use of any other person within or without this State or to any religious, educational or charitable organization or institution located without the State of Texas, or to any religious, educational or charitable organization or institution located in the State of Texas or to the United States.'

"7. That article 7122 was amended by the 42nd Legislature in 1931, chapter 72, § 1 (H.B. No. 741), (Vernon's Ann. Civ. St. art. 7122) that the caption of said amendment reads: 'An Act amending Article 7122, Revised Civil Statutes, 1925, as amended by the acts of the 40th Legislature, Regular Session, Chapter 62, Section 2, page 87, relating to inheritance taxes providing that property passing to or for the use of persons not related to a decedent shall be subject to the payment of inheritance taxes, and declaring an emergency.' The said amendment merely added the word 'person' to the general clause which follows the words, 'and the bequest, devise or gift is to be used without this State', the said word 'person' having never theretofore been inserted therein. That section 2 of said amendment reads 'all laws and part of laws in conflict with this Act are hereby repealed.' That section 3 of the said amendment reads 'The fact that it is doubtful whether bequests or devises of property passing to or for the use of persons who are not related to a decedent is subject to taxation if to be used within this State, * * *'. That this amendment of 1931 while not in or of itself controlling of

the decision herein is per se a legislative construction of the act amended and that the Legislature itself placed a construction thereon and the words of the act declare that there was a doubt or uncertainty in the minds of the Legislature and that the Legislature in the amendment removed and resolved all doubt that existed.

"8. That chapter 5 (inheritance tax) of title 122 of Revised Civil Statutes of 1925, and particularly article 7117 and 7122 are taxing statutes and impose a tax burden, and are therefore to be construed strictly against the State and liberally in favor of the persons upon whom the tax may fall and upon whom it is sought to impose the burden and if there is any uncertainty or doubt, that the doubt must be resolved in favor of the taxpayer and that the provisions of these statutes should not be extended by implication beyond the plain import of the language used nor should their operation be enlarged to apply to subjects not specifically included therein.

"9. I conclude as a matter of law that article 7122—Class E—Foreign Bequests (as amended) does not classify, or fix a tax upon property or bequests, devises or gifts passing to or for the use of natural persons who are not related to a decedent when the bequest is to be used within the State of Texas, and that the statute does not fix any tax against or upon the bequests, devises or gifts passing to or for the use of the defendants herein.

"10. That the controversy now before the Court with respect to the tax sought to be assessed against and collected from the defendants and the bequests, devises or gifts passing to or for their use under the will and codicil of W. C. Hogg, does not involve an exemption from taxation in favor of the defendants or any of them but involves only the question of whether or not the said bequests, devises or gifts passing to or for the use of defendants jointly or severally have been classified by the Legislature under the provisions of article 7117 and the classification articles following. That the Legislature has failed to classify bequests, devises or gifts passing to or for the use of natural persons within or without this state who are not related to the decedent when the bequest is to be used within the State of Texas. * * *

"12. I conclude that under the provisions of the said statutes in force at the time of the death of W. C. Hogg the Legislature failed to classify the property passing to or for the use of the defendants as natural persons residing within the State of Texas and the bequests are to be used within the State of Texas, and that the said bequests or devises are not therefore subject to tax. If it were not clearly apparent to this Court that the said devises and bequests made to the defendants in the said will are not subject to such inheritance tax I conclude that under the language

used in article 7122, R. C. S. 1925 (as amended by 40th Legislature 1927, ch. 62, page 87, § 2 [Vernon's Ann. Civ. St. art. 7122]) there is much doubt and uncertainty as to whether the subject or property comes within the provisions of the Act that all such doubt and uncertainty must be resolved in favor of the defendants and against the State."

■ Since the construction the learned trial judge thus gave the specific section of the law under which the state sought to enforce this tax—article 7122, Class E, Foreign Bequests, as amended—meets with the full approval of this court, it is, under a feeling of inability to utter an improvement, adopted as its own conclusion; further, since that one holding determines the whole controversy adversely to the state, the issue raised as to the penalty for delay becomes immaterial.

There seems to be extant no prior appellate decision of this exact question, but, we think, both the legislative history of our inheritance tax act, together with its finally-evolved verbiage as it stood at the applicable date here, that of the death of W. C. Hogg on September 12, of 1930, and the rationale of the quoted conclusions from below vindicate this first one; from that history it seems clear the ultimate result at least, whatever may have been the legislative intent, was neither to tax nor to classify for taxation, up to that time, resident nonrelated devisees upon bequests to be used within the state, and that such omission is reasonably, if not necessarily, inferable from the use of the conjunctive clause, evidently from the context as a whole applicable to all classes previously named in that section of the act, "and the bequest, devise, or gift, is to be used without this State." The rule of interpretation, known as the doctrine of the last antecedent, through the operation of which it is contended by able counsel for appellant that this clause refers back only to the recitation, "any religious, educational or charitable organization or institution located in the State of Texas or to the United States," is in our opinion defeated by the consideration that the entire act requires its extension back to all the preceding disjunctive clauses to which it is appended. 36 Cyc. 1123.

■ If this is not the clear import of the statute, then, as the Legislature itself thought in 1931, in again amending it after these bequests had already vested (General Laws, Regular Session 42nd Leg. c. 72, p. 109 [Vernon's Ann. Civ. St. art. 7122]), its meaning is doubtful, and the trial court was still correct, it being a tax law, in applying the canon stated in its eighth conclusion, and holding it not to have imposed the tax claimed. Art. 7122, R. C. S.; 36 Cyc. 1172B, 1189 (9); 37 Cyc. 1556 (3); State v. San Patricio Canning Co. (Tex. Civ. App.) 17 S.W.(2d) 160; Under-

wood v. Childress Ind. School District (Tex. Civ. App.) 149 S. W. 773; City of Austin v. Nalle (1893) 85 Tex. 520, 22 S. W. 668, 960; Franklin Fire Ins. Co. v. Hall (1923) 112 Tex. 332, 247 S. W. 822; City of Tyler v. Cocker, 58 Tex. Civ. App. 605, 124 S. W. 729; State v. H & T. C. Ry. Co. (Tex. Civ. App.) 209 S. W. 820; Yellow Cab Co. v. Pengilly (Tex. Civ. App.) 11 S.W.(2d) 560; Crooks v. Harrelson, 282 U. S. 55, 51 S. Ct. 49, 75 L. Ed. 156; Gould v. Gould, 245 U. S. 151, 38 S. Ct. 53, 62 L. Ed. 211; United States v. Field, 255 U. S. 257, 41 S. Ct. 256, 65 L. Ed. 617, 18 A. L. R. 1461; Miller v. Standard Nut Margarine Co., 284 U. S. 498, 52 S. Ct. 260–263, 76 L. Ed. 422; May v. Heiner, 281 U. S. 238, 50 S. Ct. 286–288, 74 L. Ed. 826, 67 A. L. R. 1244.

An affirmance has been entered.

Affirmed.