## BURKE v. MEMPHIS.

*(Jackson.    April 23, 1895.)*

1. STATUTES.  *Repeal.*

   Statutes " to provide revenue for the State of Tennessee and the counties thereof," cannot have the effect to repeal by implication earlier statutes providing revenue for municipal corporations.    (*Post, pp. 692–694.*)

   Acts construed : Acts 1879, Ch. 11 ; Acts 1883, Ch. 10 ; Acts 1889, Ch. 130 ; Acts 1891 (Ex. Sess.), Ch. 25, p. 50.

   Case cited and approved : Knoxville v. Lewis, 12 Lea, 180.

2. TAXATION.  *Architects subject to privilege tax.*

   The occupation or business of an architect may be declared a privilege, and taxed as such. ' (*Post, pp. 694, 695.*)

   Cases cited and approved : Kurth v. State, 86 Tenn., 134 ; Mayor v. Guest, 3 Head, 414 ; Dun v. Cullen, 13 Lea, 202.

---

FROM  SHELBY.

---

Appeal from Circuit Court of Shelby County.   L. H. ESTES,  J.

T.  A.  RYAN  for  Burke.

METCALF  &  WALKER  for  Memphis.

WILKES,   J.    The  defendants  are  architects,  and were  each  arrested  and  fined  $25  for. failing  to  take out  city  license  for  1892,  and  the  only  question  pre-

sented is, whether they are liable for a privilege tax upon their occupation for that year.

Defendants' contention is that the Acts of the General Assembly of Tennessee, passed at the Extra Session, 1891, page 50, repealed the Act of 1889, Chapter 130, and all other revenue Acts prior in date, and, inasmuch as the Acts of 1891, Extra Session, omitted to tax the occupation of an architect as a privilege, as had been done under Chapter 130, Acts 1889, there was no law in force in 1892 making the occupation of architect a taxable privilege.

In this contention, we think counsel is in error. The Act of 1891, Extra Session, page 50, is entitled "An Act to amend Chapter 130 of the Acts of the General Assembly of 1889, entitled 'An Act to provide revenue for the State of Tennessee and the counties thereof.'" It was not the purpose of the Act of 1889 or 1891 to provide for anything else except revenue for State and county purposes; and they did not in any way refer to taxes for purposes of municipal corporations.

By the Act of 1879, Chapter 11, the General Assembly passed the Taxing District Act, which was afterward amended in 1883, Chapter 10, and by other Acts. The purpose of these Acts, as shown by their captions and provisions, was to create taxing districts, and provide means of local government of the same, and by the latter Act, among the list of taxable privileges, architects were named, and this

Act was in force when this tax accrued in 1892, and was not in anywise affected by the Acts passed, subsequently, to provide State and county revenue. Municipal taxes are not taxes for State and county purposes, and are not included under the terms of an Act to provide State and county revenue. *Mayor and Aldermen of Knoxville* v. *Lewis,* 12 Lea, 180.

This same ruling was made in the unreported case of *The Taxing District* v. *The Pacific Express Co.,* decided by this Court May 28, 1888. The judgment in that case has this recital: "That Chapter 5 of the Acts of the Extra Session of 1885 did not operate to repeal Section 13 of Chapter 96 of the Acts of 1881 (a taxing district Act), by which a privilege tax of $250 annually is required to be paid to the plaintiff in error by all express companies doing business within the limits of said taxing district, and under the latter Act the express company was held liable for the privilege tax of $250. See also 1 Desty on Taxation, 105.

Again, it is said that the occupation or business of an architect cannot be made a taxable privilege, that it is a profession requiring intelligence and brains, and these should not be taxed. Many of the occupations, if not all, that are taxed as privileges require more or less of intelligence and brains to successfully conduct them, and we see no reason to make an exception in favor of architects. A privilege is whatever the Legislature chooses to declare and tax as such, and a positive prohibition,

or the power to prohibit, is not essential to its validity. *Kurth* v. *The State*, 2 Pickle, 134; *Mayor* v. *Guest*, 3 Head, 414; *Jenkins* v. *Irwin*, 8 Heis., 456; *Dun* v. *Cullen*, 13 Lea, 202.

This holding is in nowise in conflict with the ruling of this Court in the *Lawyers' Tax Cases*, 8 Heiskell, 565, *et sequitur*.

There is no error in the judgment of the Court below in either case, and the judgments are affirmed with costs.