SEVEN SPRINGS WATER CO., *et al. v.* L. M. KENNEDY, CLERK, *et al.**

(*Knoxville.* September Term, 1927.)

Opinion filed November 21, 1927.

### 1. REVENUE. PRIVILEGE TAX. CONSTITUTION.

The privilege tax levied by our Revenue Law on "Mineral Water Dealers" is not a tax on water (a product of the soil), but is a privilege tax levied upon the business of selling water, and is not in conflict with the provisions of our Constitution. (Post, p. 3.)

Citing: Article 2, section 28, Constitution of Tennessee; Article 2, section 30, Constitution of Tennessee; Chapter 134, Acts of 1925;

---

*On the question as to privilege or occupation tax on rights issuing out of or in connection with real property as a property tax within the constitutional provision, see annotation in L. R. A. 1918C, 898; 17 R. C: L., 479; 3 R. C. L. Supp., 691; 5 R. C. L. Supp., 947; 6 R. C. L. Supp., 1018.

(1)

State v. Crawford, McNeill & Co., 39 Tenn. (2 Head), 461; Taylor v. Vincent, 80 Tenn. (2 Lea), 282; Kurth v. State, 86 Tenn. (2 Pick.), 184. (Post, p. 3.)

2. REVENUE. PRIVILEGE TAX. PRODUCT OF THE SOIL. LEGISLATIVE POWER. FARMING.

The Legislature may declare the business of selling the direct products of the soil a privilege (or even may, if thought proper, make the business of farming a privilege). (Post, p. 5.)

Citing: Mabry v. Tarver, 20 Tenn. (1 Hump.), 98; Phillips v. Lewis, 3 Shan. Cas., 251.

3. REVENUE. PRIVILEGE TAX. POWER OF LEGISLATURE.

The term privilege embraces any and all occupations that the Legislature may in its discretion choose to declare a privilege and tax as such. (Post, p. 5.)

Citing: Kurth v. State, 86 Tenn. (2 Pick), 184; Mayor & Aldermen of Columbia v. Guest, 40 Tenn. (3 Head.), 414; Jenkins v. Ewin, 55 Tenn. (8 Heisk.), 456.

4. REVENUE. PRIVILEGE TAX.

A single act may be declared a privilege by the Legislature. (Post, p. 5.)

Citing: State ex rel. v. American Trust Co., 141 Tenn. (14 Thomp.), 243; State ex rel. v. Louisville & Nashville R. Co., 139 Tenn. (12 Thomp.), 406; State v. Alston, 94 Tenn. (10 Pick.), 674.

5. LEGISLATION. ACT. CAPTION. SUBTITLE.

The subtitle "Mineral Water Dealers" contained in our Revenue Act is not the caption of the Act, and does not in any wise restrict the scope of the Act. (Post, p. 5.)

Citing: Chapter 134, Acts of 1925.

*Headnotes 1. Licenses, 37 C. J., section 9; 2. Licenses, 37 C. J., section 2; 3. Statutes, 36 Cyc., p. 1135; 4. Licenses, 37 C. J., section 77 (Anno).

FROM KNOX.

Appeal from the Chancery Court of Knox County.—
HON. ROBERT M. JONES, Chancellor.

WM. A. DONAGHY and NORMAN B. MORRELL, for complainant.

ROY H. BEELER, Assistant Attorney-General, and JAS.
G. JOHNSON, County Attorney, for defendant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the
Court.

This is a suit by A. J. Denton, doing business as the
Seven Springs Water Company, to recover taxes paid
under protest. The bill was dismissed on demurrer by
the Chancellor and the complainant has appealed.

(1) Complainant was a farmer near Knoxville and
had a spring of water on his place. The water had no
mineral or medicinal properties of value, but seems to
have been a pure and palatable drinking water. Complainant, therefore, began putting the water in suitable
containers and selling and delivering it to customers in
different parts of Knox County.

The general Revenue Bill of 1925, Chapter 134 of the
Acts of that year, in fixing privilege taxes, contains the
following:

*"Mineral Water Dealers.*

"Each person, firm or corporation selling either distilled water or water from springs or wells, or mineral
water for drinking or other commercial purposes shall
pay a tax as follows:"

(Followed by schedule of taxes graduated according to
the population of counties).

Earlier Revenue Acts contained a similar provision,
and three years taxes were paid under protest and sued
for in this case.

The contention of the complainant is that the water sold by him is "the direct product of the soil" and that he was accordingly not liable for the taxes in suit.

Article 2, Section 28 of the Constitution contains the following:

"All property real, personal or mixed shall be taxed but the Legislature . . . shall except . . . the direct product of the soil in the hands of the producer and his immediate vendee. . . . The Legislature shall have power to tax merchants, peddlers and privileges in such manner as they may from time to time direct."

Article 2, Section 30 of the Constitution is in these words:

"No article manufactured of the produce of this State, shall be taxed otherwise than to pay inspection fees."

The briefs contain an interesting discussion as to whether water is a direct product of the soil, but we find it unnecessary to pass on this question.

The tax here in suit was not a tax levied upon complainant's water but was a privilege tax levied upon the business of selling the water.

It will be observed that the exemption from taxation of "the direct product of the soil in the hands of the producer" in Section 28, is no more distinct and unequivocal than the exemption from taxation of an "article manufactured of the produce of this State" in Section 29.

The Court, however, has frequently held that while articles manufactured from the produce of this State in the hands of the manufacturer are exempt from taxation, this Section of the Constitution does not prohibit the laying of a privilege tax upon the occupation of selling such articles. *State* v. *Crawford, McNeill & Co.*, 39 Tenn. (2 Head), 461, construing the Constitution of 1834. *Taylor* v. *Vincent*, 80 Tenn. (2 Lea), 282; *Kurth* v. *State*, 86

Tenn., 184. It is said that Section 30 must be construed in connection with that part of Section 28 authorizing the Legislature to tax merchants, peddlers, and privileges in such manner as they may from time to time direct.

(2) The Legislature has rarely seen fit to make a privilege of the business of selling the direct product of the soil. But we think it may declare such a business a privilege just as it may make a privilege of the business of selling articles manufactured of the produce of this State. In fact it has been said in two of our cases that, if thought proper, the Legislature might make the business of farming a privilege. *Mabry* v. *Tarver,* 20 Tenn. (1 Humph.), 98; *Phillips* v. *Lewis,* 3 Shan. Cas., 251.

(3) The term privilege embraces any and all occupations that the Legislature may in its discretion choose to declare a privilege and tax as such. *Kurth* v. *State, supra; Mayor & Aldermen of Columbia* v. *Guest,* 40 Tenn. (3 Head), 414; *Jenkins* v. *Ewin,* 55 Tenn. (8 Heisk.), 456. (4) Under more recent cases, a single Act may be declared a privilege. *State ex rel.* v. *American Trust Co.,* 141 Tenn., 243; *State ex rel.* v. *Louisville & Nashville R. Co.,* 139 Tenn., 406; *State* v. *Alston,* 94 Tenn., 674.

(5) It is argued that the subtitle, "Mineral Water Dealers," indicates that it was not the intention of the Legislature by the quoted Section of the Revenue Act of 1925, to include one dealing in plain drinking water, containing no mineral or medicinal properties, and for this reason it is insisted complainant is not liable for this tax.

"Mineral Water Dealers" is, however, only a subtitle. It is not the caption of the Act and in no wise, therefore, restricts the scope of the Act. The Section of the Act

above set out clearly imposes the tax upon one engaged in the business of selling ''either distilled water or water from springs or well or mineral water,'' thus clearly including such a business as that of complainant.

It follows that the decree of the Chancellor dismissing this bill must be affirmed with costs.