MURFREESBORO BREAD & ICE CREAM CO. *v.* TOWN OF MC-
MINNVILLE.

(*Nashville,* December Term, 1933.)

Opinion filed March 10, 1934.

ALFRED B. HUDDLESTON, of Murfreesboro, for appellant.

MERCER & JOHNSON, of McMinnville, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Complainant company filed its bill to enjoin collection by the town of McMinnville of a "Peddlers'" privilege tax, for the years 1931 and 1932. The company has its headquarters in Murfreesboro, where it makes and sells cakes, breads, ice cream, and like merchandise, and from that point sends out trucks into surrounding counties and towns, including defendant, where it sells and distributes, or peddles, its merchandise. It is conceded, in recognition of the holding of this court in *Swift & Co.* v. *State*, 165 Tenn., 256, 55 S. W. (2d), 267, that one of its trucks thus operated in McMinnville during the years named in the sense of the term "Peddlers," as used in item 57, chapter 13, Revenue Act of 1931, 2d Extra Session (Pub. & Priv. Acts 1931, p. 118), but liability for the payment of the tax in this case is denied on several grounds. Filing its answer as a cross-bill, the town sought recovery for the tax and statutory penalties. The chancellor sustained the cross-bill and gave decree for the tax and penalties, and the bread company appeals. The facts are stipulated.

Liability is denied mainly on the ground that the company is within the exemption provisions applicable to this particular privilege tax, as carried into the Revenue Act of 1931, as follows:

"Each person, firm or corporation engaged in the business of running a wagon, truck, auto or other vehicle, and who sells and delivers fruits, vegetables, nuts and produce (where it is not produced or raised by the vendors or seller), candy, cigars, cigarettes, tobacco and drugs, or merchandise, is declared to be a peddler and as such

shall pay for each wagon, truck, auto or other vehicle in each county per annum............$100.00.

"(This tax is not to be paid for a period of less than one year). . . .

"Provided, that a merchant or manufacturer who has paid *ad valorem* tax in any county or municipality equal to or more than the privilege tax herein levied shall not be liable for the above privilege tax.

"Provided, the above tax shall not apply to persons, firms or corporations engaged in manufacturing and marketing their own goods, wares and/or merchandise, who pay *ad valorem* and other state and county taxes."

It appears that the company operates four of these trucks altogether, but one only handles the trade in Mc-Minnville. Also, that the company had paid in Rutherford county, where its plant is located, *ad valorem* taxes in excess of $400 for each of the years in question, in addition to other taxes in the form of licenses and fees.

On these facts, the company insists that it is not liable for this municipal privilege tax, which is subject to the same exemption provisions as is that of the state and county. Liability for the year 1931, when the Revenue Act of 1927 (chapter 89), which contained no such exemptions, was in effect, is conceded.

It is said for the town that the complainant company does not come within the above-quoted provisos, except as to one truck only, and the county only in which the plant is located and pays other taxes. The chancellor was of this opinion, although he expresses doubt (and in this learned counsel in their brief join him) as to the effect of the second of the provisos.

The clause enacting the tax quite clearly applies it to "each County," in the sum of $100 for "each" truck, and it is plausibly said that the first proviso, exempting "a merchant . . . who has paid *ad valorem* tax in any County or Municipality equal to or more than the privilege tax herein levied," is intended to effect the exemption only in that county or municipality where the *ad valorem* tax has been paid, but the second and final proviso has clearly a wider scope. It provides broadly and without qualification that the "above tax shall not apply to persons, firms or corporations engaged in manufacturing and marketing their own . . . merchandise," if they pay state and county taxes. Here is a sweeping exception, taking out from under this peddlers' tax altogether all those who (1) manufacture and market their own goods, and (2) pay *ad valorem* and other state and county taxes. It is stipulated in this case that the bread company does both.

We do not feel authorized to read into this provision the requirement that such merchants shall either (1) do manufacturing, or (2) pay taxes in each county and municipality into which it sends its trucks for distribution of its merchandise, or else be subjected to this tax in each. If it was the intention of the Legislature to exempt manufacturers and merchants from this tax on sale and distribution of their wares only in the particular county in which they pay *ad valorem* taxes (as a general rule the county of plant location), then inapt language has been employed. We think it may be assumed that this exemption proviso was intended as a recognition of the constitutionally expressed policy of the state (section 30, article 2) to exempt from taxation goods manufactured within the state,—despite the expression of this

court in *Seven Springs Water Co.* v. *Kennedy,* 156 Tenn., 1, 299 S. W., 792, 56 A. L. R., 496, to the effect that this constitutional section does not prohibit laying of a privilege tax on the occupation of selling articles after manufacture.

Taking this view, we find it unnecessary to discuss other questions made on the briefs. The decree will be modified so as to deduct the recovery for the year 1932, and otherwise affirmed.