596

I. L. ADKINS, SR., Complainant

*v*

ROBERTSON COUNTY et al., Defendant.

(*Nashville,* December Term. 1956)

Opinion filed April 1, 1957.

James M. Porter, Springfield, for complainant.

John D. Sprouse and George W. Yost, Springfield, for defendants.

Mr. Justice Swepston delivered the opinion of the Court.

Complainant filed this bill in behalf of himself and all others similarly situated, against Robertson County and officials thereof for the purpose of having declared unconstitutional Chapter 265 of the Private Acts of 1947 of the General Assembly of Tennessee. A demurrer was filed by the defendants which was overruled by the Chancellor and appeal granted the defendants which has been perfected to this Court.

The Act, which is designated on a population basis, applies only to Robertson County and provides for a privilege tax upon motor-driven, vehicles for the use of the public highways, except State maintained roads, in said County.

Concededly, the tax is for the purpose of raising revenue for the purpose of purchasing rock and gravel to be used on the rural roads in said county. It applies to motor vehicles owned by residents of the county and the operation of same without payment of the privilege tax is made a misdemeanor. The tax is to be collected by the County Court Clerk and he is prohibited from issuing a State license for the operation of an automobile unless at the same time such resident shall purchase the privilege license herein provided for.

The bill alleges that said Act violates Chapter 18, sections 1 and 2, of the Public Acts of 1937, 3rd Extra Session, which is codified as T.C.A. sections 6-727 and 6-728, which provide as follows:

"6-727. Licensing of vehicle prohibited.—The licensing as a privilege of the driving of any motor vehicle upon the roads, streets or other highways of the state of Tennessee, is declared an exclusive state privilege and no tax for such privilege, under any guise or shape shall hereafter be assessed or collected by any municipality of the state.

"6-728. Conflicting ordinances invalid—Inspection rights preserved.—All ordinances, rules or regulations heretofore passed, enacted or promulgated by any incorporated municipality of the state in conflict with the provisions of sec. 6-727 are hereby declared inoperative and of no effect.

"Provided that nothing in sec. 6-727, or this section shall prohibit municipalities to maintain and operate safety lanes, inspection bureaus or stations, nor to abridge their right to require city automobile tags."

The bill alleges also that said Act is violative of T.C.A. sec. 59-101 et seq., which is the motor vehicle title and registration law, T.C.A. sec. 59-201 et seq., relating to the division of Motor Vehicles, T.C.A. sec. 59-601, relating to the fees and duties of officers under the aforesaid sections and the disposition of the funds collected thereunder, and specially section 59-421 which specifies the amount of the registration fee on each type of motor vehicle.

It is alleged that said Private Act is unconstitutional as being in violation of Art. 1, section 8, Art. 11, section 8, and Art. 2 section 28. It is said that said Private Acts suspend the general law as to Robertson County and undertakes to grant said County a right or privilege which is unavailable to other counties in this State and

imposes on complainant and other motor vehicle owners resident of the County a burden not so imposed elsewhere in the State; again, that by reason of the fact the County Court Clerk refuses to issue the State license tag unless the resident motor vehicle owner purchases the privilege herein provided for, a burden is imposed on complainant and others in like situation not so imposed elsewhere.

The prayer is for a declaratory judgment.

The demurrer in substance is a denial of the alleged unconstitutionality; a denial that said Act violates T.C.A. secs. 6-727, 6-728, in that said sections apply to municipalities only; and two other grounds which we need not mention in view of the disposition we make of this appeal.

The Chancellor was of opinion that said Act was violative of Art. 1, section 8, and Art. 11, section 8, of the Constitution of Tennessee, in that it places a burden on citizens of Robertson County not placed on others and confers a benefit on said County not conferred on other counties and is contrary to the general law of the State.

The Chancellor did not pass upon the relevancy of Art. 2, section 28, which is the general taxation provision, there is no assignment of error in relation thereto, and we, therefore, need not consider it.

It is apparent from the language of the Public Act in question that it relates only to incorporated municipalities in this State, and therefore, the Codifiers of our latest Code have placed it under Title 6, and make no reference to it under Title 5. In fact, T.C.A. sec. 5-802 provides:

"Privilege Taxes.—Each county is empowered to levy privilege taxes upon merchants and such other vocations, occupations, or businesses as are declared to be privileges, not exceeding in amount that levied by the state for state purposes."

The statement in sec. 6-727, supra, that such licensing is declared an exclusive State privilege must be taken in connection with the rest of the sentence and, when so taken, it is apparent that it is a State privilege insofar as any right of an incorporated municipality is concerned.

There is nothing in either the above-mentioned sections of the Motor Vehicle and Title Registration Law or in Title 67, relating to the general revenue privilege tax sections which prohibits a county from levying and collecting such a privilege tax as authorized by T.C.A. sec. 5-802, supra. The revenue collected under said State tax acts is to be paid by the County Court Clerk to the State, whereas revenue from the privilege provided for in this special Act for Robertson County is to be paid to the County officials.

Hence, it would seem apparent that this Private Act does not contravene or suspend any general law applying to the whole State.

The collection of taxes is a governmental function. *Knoxtenn Theatres v. Dance*, 186 Tenn. 114, 208 S.W. 2d 536, 539; *Southern v. Beeler*, 183 Tenn. 272, 285, 195 S.W.2d 857; *Nashville, C. & St. L. Ry. v. Marshall County*, 161 Tenn. 236, 240, 30 S.W.2d 268.

Obviously, this Private Act is a revenue measure and is designed to affect the County in its governmental

capacity primarily for the purpose of raising revenue and payment of the tax by the individual exercising the privilege is a resulting incident of that primary purpose. Therefore, the language appearing in the *Knoxtenn Theatres v. Dance, supra*, is applicable as follows, 186 Tenn. at page 126, 208 S.W.2d at page 541:

"This being true, the fact that it affects only Knox County and Knoxville does not render the act unconstitutional unless it suspends a general law applicable to all other counties and cities of the state, in which event it must be predicated upon a reasonable basis. *Darnell v. Shapard,* 156 Tenn. 544, 3 S.W.2d 661; *Town of McMinnville v. Curtis,* 183 Tenn. 442-448, 192 S.W. 2d 998, and cases there cited. The act does not suspend any general law applicable to the other counties and cities of this state."

Similar Acts have been sustained in the following cases: *Frazier v. Lindsey,* 162 Tenn. 228, 36 S.W.2d 436, and cases cited therein; *Wilson v. State,* 143 Tenn. 55, 224 S.W. 168.

■ Appellee's insistence, that said Private Act requires payment of privilege tax by a resident of the County irrespective of whether he uses the County roads or not, is not a proper matter for consideration under this bill, as he does not allege that he occupies such a status.

■ It is further insisted by appellee that said Act is unconstitutional because residents of said County are required to pay said privilege tax before the Clerk is permitted to issue them a State license for the operation of an automobile, whereas, a like burden is not placed

upon the citizens of the other counties of the State and that a benefit is conferred on Robertson County not enjoyed by other counties.

The first answer is that since it affects Robertson County in its governmental capacity and does not contravene or suspend any general law mandatorily applicable to the other counties or residents thereof, it is not rendered unconstitutional by the fact that the residents of Robertson County alone have the burden of collecting the tax without regard to what may be the varying situations in other counties.

Secondly, since it is a valid tax, the taxpayer can not complain that he is required to pay this tax along with the tax due the State, both of which are collected by the County Court Clerk. As pointed out by counsel for appellant a similar provision appears in T.C.A. sec. 59-305, which requires that a receipt for a sale or use tax must accompany an application for a certificate of title; also in some states the laws provide that a motor vehicle license may not be issued until payment has been made of personal property taxes on the motor vehicle and in some instances, as in Arkansas, all personal property taxes. See 60 C.J.S. Motor Vehicles sec. 109; also the requirement that a deed cannot be registered until the State transfer tax is paid.

We, therefore, hold accordingly, that said Private Act is valid and constitutional and the decree below must be reversed, the demurrer is sustained and the bill is dismissed with costs.

NEIL, CHIEF JUSTICE, non-concurs.